**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>    Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Defendants' Motion to Seal Its Amended Answer, Affirmative Defenses, And Counterclaims (Doc. # 79).[1] For the reasons that follow, the Court grants Defendants' motion.

    Historically, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). However, such a right is not absolute.

---

[1] In light of Defendants' amended answer, and in anticipation of Plaintiff filing an amended reply to Defendants' amended answer, the Court will deny Defendants' motion to dismiss Plaintiff's counter-counterclaims (Doc. # 51) as moot. Although the Court is not aware of any provision in the Federal Rules of Civil Procedure that would permit the filing of counter-counterclaims in lieu of a motion to amend the complaint, the Court need not reach this issue because Defendants' amended answer moots the motion to dismiss.

Nevertheless, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

In this case, Defendants are seeking to have their answer sealed. The Court need not determine whether this pleading is subject to the compelling reasons standard or the lesser good cause standard, as Defendants have shown compelling reasons for sealing their answer. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or *release trade secrets*." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598) (emphasis added).

Defendants aver that their answer contains numerous citations of "highly confidential and trade secret information." (Doc. # 79 at p. 4.) As the United State Supreme Court noted, a recognized exception to the right to inspect judicial records are "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Defendants have included various diagrams and other details in their answer, which if released to the general public, would have the effect of infringing upon their trade secrets. Moreover, the public's interest in understanding the judicial process will not be harmed, as the pertinent factual and legal issue are ascertainable apart from the sealed answer.[2] The Court agrees that the protection of trade secrets contained in Defendants' answer constitutes compelling reasons such that the Court will seal Defendants' answer.

Accordingly,

---

[2] This is especially true considering Defendants' initial answer set forth the pertinent basis for its claims apart from the trade secrets, *see* Doc. # 21, as does Defendants' redacted amended answer filed at Doc. # 85.

**IT IS ORDERED** that Defendants' Motion to Seal Its Amended Answer, Affirmative Defenses, And Counterclaims (Doc. # 79) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file, under seal, Defendants' Amended Answer, Affirmative Defenses, and Counterclaims, currently lodged at Doc. # 80.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's Antitrust Counter-Counterclaims (Doc. # 51) is denied as moot, with leave to re-file if necessary once Plaintiff files its amended reply to Defendants' amended answer, or if Plaintiff seeks leave to amend its complaint to incorporate its antitrust claims.

**IT IS FINALLY ORDERED** vacating oral argument current scheduled for Monday, April 19, 2010, at 11:00 AM.

DATED this 16th day of March, 2010.

James A. Teilborg
United States District Judge