| | |
|---|---|
| 1 | **WO** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>　　　　Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

Pending before the Court are:

Motion to strike (Doc. #112 - redacted) and lodged sealed version (Doc. #113 - unredacted), motion to seal the motion to strike (Doc. #110 - redacted) and lodged sealed version (Doc. #111 - unredacted),

Response to motion to strike (Doc. #117 - redacted), motion to seal the response (Doc. #118 - redacted), lodged sealed version of the response (Doc. #119 - unredacted), and lodged sealed memorandum in support of motion to seal (Doc. #120 - unredacted),

Reply in support of motion to strike (Doc. #121 - redacted), motion to seal reply (Doc. #122 - redacted), lodged sealed memorandum in support of motion to seal (Doc. #123 -

unredacted), and lodged sealed reply (Doc. #124 - unredacted).[1]

As this Court has previously stated, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). However, such a right is not absolute. Nevertheless, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, giving the parties the benefit of the doubt that the motion to strike is not a dispositive pleading, the Court will apply the good cause standard.[2] The party moving to strike, Avago, makes one general argument in favor of sealing: that the parties have a side agreement not in the public record about what they may disclose. Avago concludes that disclosure into the public record of the redacted portions of the filings would violate this agreement.

The Court does not find the parties' agreement to be a basis for sealing the public record in this case. If the Court were to allow this agreement to control this case, any parties in any case could by agreement stipulate to litigate their entire case under seal. Agreement among the parties is not "good cause" for sealing the public record. Thus, the Court is inclined to unseal all filings related to the motion to strike.[3]

---

[1] Also pending are various documents related to the motion to amend the complaint. The Court will not address those documents in this Order.

[2] If the Court strikes part of a complaint, the claims stricken could be forever barred; thus, the motion to strike could be dispositive as to those claims.

[3] In holding that this agreement is not a basis for sealing any documents in this case, the Court expresses no opinion on whether either party has breached the agreement, or whether either party might be liable to the other for breaching the agreement.

1    However, in response to the motion to strike, Triquint cited not only the parties'
2 agreement as a basis for sealing, but also states that Triquint has relied on trade secret
3 information that would damage Triquint's competitive standing in the marketplace if it were
4 released. Doc. #118 at 5. The Court cannot tell within these filings what is redacted based
5 on a claimed trade secret and what is redacted based on the side agreement. Therefore, the
6 Court will strike from the record, but leave under seal, all documents related to the motion
7 to strike. Avago may re-file the motion to strike. However, for the reasons stated above, the
8 motion to strike may not be filed under seal. In other words, the Court finds that the issues
9 raised in the motion to strike may be resolved without specifically disclosing any trade
10 secrets. Therefore, the parties should brief the motion to strike, if it is re-filed, without any
11 charts or graphs or summaries that contain any specific trade secrets. If the motion to strike
12 is not re-filed within 5 days, the Court will assume Avago has elected to not re-file it, and the
13 Court will proceed to consideration of the motion to amend.

   Based on the foregoing,

   **IT IS ORDERED** that the Motion to Strike (Doc. #112) is denied without prejudice to re-filing, unsealed, within 5 days of the date of this Order.

   **IT IS FURTHER ORDERED** that the following documents are stricken from the record and shall not be considered by the Court (the Clerk of the Court shall leave all lodged sealed documents under seal, but shall note in the docket text that they were stricken): Doc. #111, Doc. #113, Doc. #119, Doc. #120, Doc. #123, Doc. #124. Because these documents have been stricken from the record, the motions to seal (Docs. ## 110, 118, 122) are granted to the extent that these document shall remain under seal because the Court will not consider them in the resolution of this case.

   DATED this 9th day of June, 2010.

   James A. Teilborg
   United States District Judge