**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>   Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>   Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

Pending before the Court are:

TriQuint's motion to amend the complaint (Doc. #94);

TriQuint's motion to seal the amended complaint and motion to seal its memorandum in support of the motion to seal (Doc. #98); the proposed amended complaint is lodged under seal at Doc. #95, the proposed memorandum in support of the motion to seal is lodged under seal at Doc. #99;

Avago's response to the motion to amend (Doc. #104); redacted exhibits to this response are at Doc. #109;

Avago's motion to seal its response to the motion to amend and motion to seal its memorandum in support of the motion to seal (Doc. #105); the proposed memorandum in

1  support of the motion to seal is lodged under seal at Doc. #106; the proposed response to the
2  motion to amend is lodged under seal at Doc. #107; and exhibits are lodged under seal at
3  Doc. #108;

TriQuint's reply in support of its motion to amend (Doc. #114);

TriQuint's motion to seal its reply (Doc. #115); the proposed reply is lodged under seal at Doc. #116; the proposed memorandum in support of the motion to seal is attachment 3 to Doc. #116.

As this Court has previously stated, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). However, such a right is not absolute. Nevertheless, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). As Triquint notes, motions to seal the complaint must meet the compelling reasons standard. Doc. #99 at 8 (*citing In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, *3 (N.D. Cal. 2008)).

As this Court previously discussed in the Order at Doc. #127, the parties have a side agreement not in the public record about what they may disclose. And this Court concluded:

> The Court does not find the parties' agreement to be a basis for sealing the public record in this case. If the Court were to allow this agreement to control this case, any parties in any case could by agreement stipulate to litigate their entire case under seal. Agreement among the parties is not "good cause" for sealing the public record.

Doc. #127 at 2.

TriQuint's sole basis advanced for sealing the motion to amend in this case is this side agreement. Similarly, Avago's sole basis for seeking to seal its response is the side agreement. The Court again does not find this side agreement to show a compelling reason

1  to seal the complaint in this case. For this reason, the Court will not entertain the motion to
2  amend under seal.[1]

3  Based on the foregoing,

4  **IT IS ORDERED** that the motion to amend (Doc. #94) is denied without prejudice
5  to re-filing not under seal.[2] The Court notes that part of Avago's opposition to the motion
6  to amend is whether it is timely. If TriQuint re-files the motion to amend not under seal
7  within 5 days of the date of this Order, the Court will treat such motion as having been filed
8  on April 12, 2010 (the filing date of the motion to amend at Doc. #94). Any motion to amend
9  filed more than 5 days after the date of this Order will be deemed filed on the actual date it
10 is filed.[3]

11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /

---

[1] Further, the parties should not attempt to thwart this holding by unnecessarily placing trade secrets in any future motion to amend or proposed amended complaint. The Court is of the opinion that both parties are familiar enough with the contentions in this case (*see e.g.* Docs. ## 100 and 101) that they can plead their complaint, counterclaim and reply without specifically including particular trade secrets. Thus, in refiling any of said documents relating to a motion to amend, the parties should comply with this directive and should not anticipate that the Court will permit the filing of the complaint, counterclaim, or reply under seal if a motion to amend is granted.

[2] The motion to strike denied without prejudice at Doc. # 127 may be re-filed, not under seal, within 5 days of when the motion to amend is re-filed not under seal.

[3] As the Court indicated in the Order at Doc. #127, the Court expresses no opinion on whether the filing of the motion to amend and related documents or any responses thereto might breach the parties' side agreement and give rise to liability thereunder. The Court is merely finding that such side agreement is not a basis for sealing the record in this case.

1    **IT IS FURTHER ORDERED** that the Court will strike the following sealed
2    documents from this record (the Clerk of the Court shall leave all lodged sealed documents
3    under seal, but shall note in the docket text that they were stricken): Docs. ## 95, 99, 106,
4    107, 108, and 116; the motions to seal (Docs. ## 98, 105, 115) are granted to the extent that
5    these documents shall remain under seal because the Court will not consider them in the
6    resolution of this case.

DATED this 10th day of June, 2010.

_____
James A. Teilborg
United States District Judge