**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware Corporation,<br><br>  Plaintiff/Counterdefendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc. A Delaware Corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore Corporation,<br><br>  Defendants/Counterclaimants. | No. CV-09-01531-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Renewed Motion for Leave to Amend Complaint. (Doc. #129). Defendants filed an Opposition to Plaintiff's Renewed Motion for Leave to File Amended Complaint. (Doc. #136). Plaintiff replied. (Doc. #142).[1] Also pending before the Court is Defendants' Motion to Strike Allegations in Plaintiff's Proposed Amended Complaint. (Doc. #133). Plaintiff filed a response (Doc. #137) and Defendants

---

[1] The Court notes that the parties requested oral argument on the motion to amend. However, both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Therefore, the request for oral argument is denied.

replied (Doc. #142).

## I. Background

Plaintiff TriQuint Semiconductor, Inc. ("Plaintiff") and Defendants Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP (Singapore) Pte., Ltd. ("Defendants") research and develop bulk acoustic wave resonators ("BAWs"). (Doc. #80 at ¶62).

In early 2009, both parties had concerns about patent infringement and misappropriation of trade secrets. (Doc. #136 at 6). By spring of 2009, Plaintiff and Defendants entered into several discussions designed to settle the dispute.[2] (*Id.*). To facilitate these discussions, the parties entered into a Non-Disclosure Agreement ("NDA"). (*Id.* (citing Doc. #99 at Ex. A)). The NDA required both parties to not reveal any of the information obtained during the settlement discussions to third parties. (Doc. #99-2 at 8).

On July 23, 2009, Plaintiff filed a complaint against Defendants for patent infringement. (Doc. #1). On September 17, 2009, Defendants answered Plaintiff's complaint and asserted counterclaims for patent infringement. (Doc. #21). On October 16, 2009, Plaintiff filed a reply and asserted "counter-counterclaims" for declaratory judgement and antitrust violations. (Doc. #34). The counter-counterclaims alleged that Defendants engaged in a series of actions that constitute unlawful asset acquisition under Section 7 of the Clayton Act, 15 U.S.C. § 18, and monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2. (*Id.*).

On November 24, 2009, Defendants filed a Federal Rule Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's counter-counterclaims. (Doc. #51). Defendants' Motion to Dismiss was fully briefed by both parties and oral argument was scheduled for April 19, 2010. (Doc. #71). The Court denied Defendants' request to stay discovery on the antitrust claims. (*Id.*).

---

[2]Plaintiff argues that the settlement discussions did not pertain to claims of antitrust violation. (*See generally* Doc. #136 at 6).

1 | The Court entered a Rule 16 Scheduling Order on October 29, 2009. (Doc. #40). The Court set March 5, 2010 as the deadline to file amended pleadings. (*Id.*). On March 5, 2010, Plaintiff filed an Amended Answer and Counter-Counterclaims to include six affirmative defenses. (Doc. #78). Also on March 5, 2010, Defendants filed an Amended Answer and Counterclaims to include new trade secret and related tort counterclaims. (Doc. #79).

Because the parties filed amended pleadings simultaneously on March 5, 2010, Defendants' Amended Answer and Counterclaims negated Plaintiff's Amended Answer and Antitrust Counter-Counterclaims. (Doc. #129 at 4). Plaintiff was then required to file a new answer and counter-counterclaims in response to Defendants' Amended Answer and Counterclaims.

On March 16, 2010, the Court *sua sponte* denied Defendants' pending Rule 12(b)(6) Motion to Dismiss Plaintiff's Counter-Counterclaims without prejudice as moot and vacated oral argument due to the amended pleadings. (Doc. #87). The Court's order questioned whether counter-counterclaims to counterclaims are contemplated by the Federal Rules of Civil Procedure and further ordered that Plaintiff file its amended reply to Defendants' Amended Answer and/or seek leave to amend its complaint to incorporate its antitrust claims. (*Id.* at 3).

On March 22, 2010, Plaintiff informed Defendants that pursuant to the Court's March 16, 2010 Order, Plaintiff would file a Motion to Amend its Complaint to include as claims its previously filed antitrust and declaratory judgment counter-counterclaims. (Doc. #129-2 at ¶2). Plaintiff further advised Defendants that it would provide Defendant with a red-lined version of the proposed First Amended Complaint reflecting the amendments to the antitrust claims. (*Id.* at ¶3).

On March 30, 2010, Plaintiff provided its red-lined draft of proposed amended complaint. (Doc. #133-1 at ¶4-5). Three days later, Defendants informed Plaintiff that Plaintiff materially misrepresented statements made during confidential settlement communications, including communications covered by the NDA. (Doc. #136 at 8).

On April 12, 2010, Plaintiff filed a Motion to Amend its Complaint. (Doc. #94).

Plaintiff also filed a Motion to Seal its Proposed Amended Complaint and Memorandum in Support of Motion to Seal. (Doc. #98). On June 11, 2010, the Court denied Plaintiff's request to seal its Motion to Amend. (Doc. #128). However, the Court's denial was without prejudice to re-filing not under seal. (*Id.*). The Court noted that if Plaintiff

> filed the motion to amend not under seal within 5 days of the date of this Order, the Court will treat such motion as having been filed on April 12, 2010 (the filing date of the motion to amend at Doc. #94). Any motion to amend filed more than 5 days after the date of this Order will be deemed filed on the actual date it is filed.

(Doc. #128 at 3).

On June 15, 2010, Plaintiff filed a Renewed Request for Leave to Amend Complaint to include the previously pleaded antitrust and declaratory judgment counter-counterclaims and to amend the factual allegations in support of the antitrust claims to reflect information learned to date. (Doc. #129).

**II. Analysis**

    **A. Motion to Strike**

Defendants move, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7.2(m)(1), to strike paragraphs 45-49 of Plaintiff's proposed amended complaint. (Doc. #133). Defendants argue that these paragraphs describe confidential settlement communications that are inadmissible under Federal Rule of Evidence 408. (*Id.* at 7-12). Defendants also argue that the subject matter of these paragraphs violates the NDA between Defendants and Plaintiff. (*Id.* at 12-16).

    **1. Legal Standard**

Rule 12(f) authorizes the Court to strike from a pleading all allegations that are "immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. *See* 5C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* §1380 (3d ed. 2004).

Whether to strike is within the discretion of the trial court. *Colaprico v. Sun*

- 4 -

1  *Microsystems, Inc.*, 759 F.Supp. 1335, 1339 (N.D. Cal. 1991).  A court should not grant a
2  motion to strike "unless it is clear that the matter to be stricken could have no possible
3  bearing on the subject matter of the litigation." *Id.*; *see Yount v. Regent Univ., Inc.*, No. CV-
4  08-8011-PCT-DGC, 2009 WL 995596, at *11 (D. Ariz. 2009).  "If there is any doubt as to
5  whether under any contingency the matter may raise an issue, the motion may be denied."
6  *Wailua Assocs. v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998).  "In suits
7  involving multiple and complex issues, greater latitude in pleading may be allowed, since
8  impertinence may not be so clear." *Id.*

As the moving party, Defendant bears the burden of persuading this Court that the relevant paragraphs should be stricken.  *See XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, *1 (D. Ariz. 2009).  Defendant must show: 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice.  *See id.*; *Am. Buying Ins. Servs., Inc. v. S. Kornreich & Sons, Inc.*, 944 F.Supp. 240, 249–50 (S.D.N.Y. 1996) (noting that motions to strike have frequently been denied "when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f)").  Any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant.  *XY Skin Care*, 2009 WL 2382998 at *1.

**2. Federal Rule of Evidence 408**

Defendants argue that paragraphs 45-49 in Plaintiff's proposed amended complaint should be stricken under Rule 12(f) because they are irrelevant and inadmissable under Rule 408.  (Doc. #133 at 9).   Plaintiff disputes any argument that Rule 408 bars the use of statements within paragraphs 45-49.  (Doc. #137 at 7).

Rule 408 is a rule of evidence governing the admissibility of settlement discussions as evidence at trial.  Fed. R. Evid. 408.  Specifically, Rule 408 provides that evidence of "conduct or statements made in compromise negotiations" regarding "a claim that was disputed as to the validity or amount" is not admissible to prove "liability of, or amount" of

- 5 -

that claim. *Id.* However, "Rule 408 does not prevent the discovery of such settlement discussions." *Papas, II. v. TZVI Bercovici*, No. CV-07-2338-PHX-JAT, 2008 WL 2687441, *7 (D. Ariz. 2008).

Rule 12(f) governs striking material from pleadings, not evidence. Fed. R. Civ. P. 12(f); *see PTR, Inc. v. Forsythe Racing, Inc.*, No. CV 08-5517, 2009 WL 1606970, *3-4 (N.D. Ill. 2009) ("Allegations in a complaint are not evidence."). "Even if the statements are later determined to be inadmissible . . . they need not be stricken from the pleadings." *PTR, Inc.*, 2009 WL 1606970 at *3-4.

Disputes over Rule 408 should be resolved as evidentiary matters with motions *in limine* rather than prematurely in Rule 12(f) motions. *Peace Software, Inc. v. Hawaiian Elec. Co., Inc.*, 2009 WL 3923350, *8-9 (D. Haw. 2009) (noting that the court typically reviews only the face of the complaint to determine validity of Rule 12(f) motions and declining to strike allegations of a complaint under Rule 408 and an alleged NDA); *see BPI Energy, Inc. v. IEC*, No. CV-09-00408, 2007 WL 3355363, *1 (S.D. Ill. 2007) (denying motion to strike under a NDA and Rule 408, and holding "[t]he Second Amended Complaint is not evidence; rather it sets forth allegations. Therefore, on its face, Rule 408 is not applicable at this juncture."); *Steak Umm Co. v. Steak 'em UP, Inc.*, No. CV-09-2857, 2009 WL 3540786, *3 (E.D. Pa. 2009) ("[Rule 408 ] is a rule of evidence and does not govern pleadings;" denying motion where reference to settlement discussions may be potentially relevant).

The Court finds that Rule 408 is an inappropriate means to strike paragraphs 45-49 of Plaintiff's proposed amended complaint. At this stage of the litigation and given Plaintiff's arguments that these statements will not actually be barred by Rule 408, the Court will not use the Rules of Evidence as a bar for preemptively striking Plaintiff's proposed amended complaint. Accordingly the Court denies Defendants' Rule 12(f) Motion to Strike based on Rule 408.[3]

---

[3]Such denial is without prejudice to Defendants making similar arguments about Plaintiff's use of the statements within paragraphs 45-49 at a later juncture.

**3. Non-Disclosure Agreement**

Alternatively, Defendants seek to strike paragraphs 45-49 from Plaintiff's proposed amended complaint because the statements violate the terms of the NDA. (Doc.#133 at 12).

As stated previously, Rule 12(f) motions are rarely granted by courts. *See* Charles Alan Wright, *Federal Practice and Procedure* §1380 at 394 (2004) ("because striking a portion of a pleading is a drastic remedy . . . numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and infrequently granted."). Even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions are properly viewed as determinable only after discovery and a hearing on the merits. *Bd. of Tr. of Trucking Emp. of North Jersey Welfare Fund Inc.-Pension Fund v. Gotham Fuel Corp.*, 860 F. Supp. 1044, 1053 (D.N.J. 1993).

The "rationale behind granting motions to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." *Peace Software, Inc.,* 2009 WL 3923350 at *3 (citing *Aetna Cas. & Sur. Co.*, 183 F.R.D. at 553). These grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Id.* A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Id.*

In *Peace Software*, defendant claimed that certain allegations of plaintiff's complaint should be stricken as violative of a nondisclosure agreement. *Id.* at *8. The court denied defendant's Rule 12(f) Motion to Strike because defendant had not shown that the allegations were "immaterial or impertinent." *Id.* at *9. In justifying the denial, the court noted that it was unclear whether allegations in the complaint concerned the specific proposal negotiations that defendant had referred to. *Id.* The court also noted that on a motion to strike a pleading, the court typically considers only the face of the pleading or matters that the court has taken judicial notice of. *Id.* Based on this standard, the court found that the face of the complaint did not show that plaintiff breached the non-disclosure agreement. *Id.*

Defendants have not met their burden of proving that paragraphs 45-49 of Plaintiff's proposed amended complaint are immaterial or impertinent as required by Rule 12. Defendants argue that the allegations in paragraphs 45-49 should be stricken because those allegations come within the terms of the NDA and that therefore, their disclosure to a third party violates the NDA's terms. Defendants assert that the NDA defines "Information" broadly as "legal, technical, business, marketing, planning and other information and data, in written, oral, magnetic, photographic, and/or other forms." (Doc. #133 at 12 (citing Doc. #99-2 at 7)). Defendants also assert that the NDA requires the Receiving Party to "hold the Information in confidence and take all reasonable steps to preserve the confidential and proprietary nature of the Information, including, without limitation: Refraining from disclosing the Information . . . to third parties, regardless of the reason." (Doc #133 at 12). Defendants therefore maintain that the information within paragraphs 45-49 violate the NDA based on the NDA's definitions and mandates.

Defendants argue that Plaintiff admitted that paragraphs 45-49 contained statements made during the settlement discussions covered by the NDA. *Id.* at 13. However, as in *Peace Software,* it is unclear whether the allegations in Plaintiff's proposed amended complaint concern the specific negotiations covered by the NDA. Furthermore, it is unclear whether those statements within paragraphs 45-49 were elicited prior to the parties entering into the NDA. The NDA does not foreclose using statements and information previously learned by Plaintiff.

Also as in *Peace Software*, this Court will solely consider the face of the Plaintiff's proposed amended pleading. From the face of the pleading, it is not clear that Plaintiff unequivocally violated the NDA so as to make paragraphs 45-49 immaterial or impertinent.

At this stage of the litigation and given Plaintiff's argument that these statements will actually not be barred by NDA[4] (Doc. #137 at 13-15), the Court will not use a contract

---

[4]Specifically, Plaintiff argues that the settlement discussions covered only the patent claims. Therefore, the NDA has no applicability to the antitrust claims, which are the sole

- 8 -

between the two parties to preemptively strike portions of the proposed amended complaint. Accordingly, the Court denies Defendants' Rule 12(f) Motion to Strike based on the NDA.

### B. Motion to Amend the Complaint

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add claims or parties. However, in the present case, Federal Rule of Civil Procedure 16 also applies because Plaintiff requested leave to amend its Complaint after the Rule 16 Scheduling Order deadline expired. Therefore, it is appropriate to discuss both Rule 15 and Rule 16.

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson*, once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiff's Renewed Motion for Leave to Amend Complaint under Rule 16, and then, under Rule 15(a).

### 1. Untimeliness

In support of its Renewed Motion to Amend, Plaintiff argues: (1) that there is good cause to amend because the need to add the antitrust claims to the complaint arose only after the Court's March 16, 2010 ruling, and (2) the proposed amended was diligently prepared

---

topic of paragraphs 45-49.

once the need for amendment arose. (Doc. #129 at 7). Defendants argue that Plaintiff has not shown good cause why leave to file a proposed amended complaint after the deadline for amending pleadings expired. (Doc. #136 at 11).

Rule 16 applies to pretrial conferences and scheduling orders. This Rule provides that the Court enter a scheduling order that sets various deadlines and that the deadlines set should not be modified except upon a showing of good cause and by leave of the district judge. Fed. R. Civ. P 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson*, 186 F.R.D. at 608. The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end." *Id.*

Plaintiff argues that it meets the requisite "good cause" standard. (Doc. #129 at 7). Plaintiff maintains that it had no reason to question whether the claim for declaratory

- 10 -

judgment and the antitrust claims were properly presented as counter-counterclaims within their response to Defendants' counterclaims. (*Id.*). Plaintiff believed that Federal Rule of Civil Procedure 13(a) mandated a pleading to state as a counterclaim any claim, that at the time of its service, the pleader had against an opposing party if the claim arose out of the transaction or occurrence that was the subject matter of the opposing party's claim. (Doc. #129 at 6 (citing Fed. R. Civ. P. 13(a)). Plaintiff understood its defense to Defendants' counterclaims of patent enforcement as including the alleged illegal acquisition activity of Defendants. (Doc. #129 at 6). Therefore, Plaintiff felt forced to add the antitrust claims as counter-counterclaims or later face the prospect that those claims would be barred as compulsory counterclaims. (*Id.*).

In addition, Plaintiff also believed that Rule 13(b) allowed a responsive pleading to state a permissive counterclaim. (Doc. #129 at 6 (citing Fed. R. Civ. P. 13(b)). Therefore, because Plaintiff's antitrust claims arose from Defendants' recently asserted infringement counterclaim, Plaintiff believed it was appropriate to assert its antitrust claims in a responsive pleading (i.e. the response to Defendants' counterclaim). (Doc. #129 at 6).

Plaintiff also argues that it was diligent in preparing a proposed amended complaint once the need arose. (Doc. #129 at 7). After clarifying the ruling with the Court, Plaintiff filed its motion to amend on April 12, 2010 to include the antitrust claims, less than a month after the Court's March 16 order questioning the "counter-counterclaim" as an appropriate pleading.[5] (*Id.*).

Defendants argue that Plaintiff's Renewed Motion for Leave to Amend should be

---

[5]Defendants assert that Plaintiff filed its Renewed Motion to Amend on June 15, 2010. (Doc. #133 at 3). However, the Court notes that Plaintiff's filed a Motion to Amend under seal on April 12, 2010. (Doc. #94). On June 11, 2010 the Court denied Plaintiff's Motion to Amend under Seal and stated that "if [Plaintiff] re-files the motion to amend not under seal within 5 days of the date of this Order, the Court will treat such motion as having been filed on April 12, 2010 (the filing date of the motion to amend at Doc. #94)." (Doc. #128 at 3). Plaintiff's filed their Renewed Motion for Leave to Amend on June 15, 2010. (Doc. #129). Accordingly, the Court will consider Plaintiff's filing for their Renewed Motion for Leave to Amend as having been filed on April 12, 2010 for the purposes of this order.

denied because granting the motion would prejudice Defendants: (1) by the introduction of a new legal theory of liability in the form of a new antitrust market in which Plaintiff alleges Defendants' actions have been anti-competitive; (2) by requiring Defendants to incur substantial litigation costs and fees in taking and defending discovery on this new antitrust claim; (3) by requiring Defendants to incur substantial additional legal costs of rebriefing its motion to dismiss Plaintiff's antitrust claims; and (4) by depriving Defendants of their legal rights under the parties' NDA. (Doc. #136 at 14). However, the Court finds that alleged prejudice toward Defendants is not a determinative factor in deciding whether to grant leave to amend under Rule 16. *See Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply *additional* reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.") (emphasis added).

Accordingly, the Court finds that good cause exists due to Plaintiff's confusion under Rule 13(a) and 13(b). The Court also finds that Plaintiff was reasonably diligent in preparing a proposed motion to amend after the March 16, 2010 order questioning Plaintiff's counter-counterclaims.

### 2. Motion to Amend under Rule 15(a)

Last, Plaintiff argues that its Renewed Motion for Leave to Amend satisfies Federal Rule of Civil Procedure 15(a). (Doc. #129 at 8). Defendants assert that Plaintiff's Renewed Motion for Leave to Amend fails because: (1) Defendants would be prejudiced; (2) Plaintiff is acting in bad faith; and (3) Plaintiff's amendment would unduly delay the proceedings. (Doc. #136 at 15).

Once a party has shown good cause under Rule 16, the Court must apply Rule 15's requirements to determine whether grant of leave to amend is appropriate. *Johnson*, 975 F.2d at 608.

Rule 15(a) provides in pertinent part:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service

>    of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P 15(a)(1)-(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a)[(2)] declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"In exercising its discretion with regard to the amendment of pleadings a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). Thus, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)) (citation and internal quotation marks omitted). Of these, prejudice is the most critical factor. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir.), *cert. denied*, 502 U.S. 956 (1991).

"The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

- 13 -

1 Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Undue delay can be caused by extending discovery. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

Plaintiff argues that neither prejudice, futility nor delay exists. (Doc. #129 at 8). Prejudice does not exist because Plaintiff's proposed amended complaint does not add new parties or claims that have not been asserted since October 16, 2009. (*Id.* at 8). Accordingly, since October 16, 2009, when Plaintiff filed a response to Defendants' counterclaims, both parties have been aware of and understood that Plaintiff's claim for declaratory judgment and antitrust claims are part of the case. The proposed amended complaint merely adds more facts to Plaintiff's original antitrust counter-counter claims.

Futility does not exist because Plaintiff's antitrust claims allege a set of facts that might be proven to constitute a valid claim. *See Miller*, 845 F.2d at 214 ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). Plaintiff's antitrust allegations include that with "more than 90% of the PCS CDMA Duplexer Market, Defendant acquired its next largest competitor, Infineon, and is now seeking to exclude its only remaining competitor, [Plaintiff]." (Doc. #129 at 11). Plaintiff's allegations are sufficient to overcome Defendants' futility argument.

Last, undue delay does not exist because both parties have already engaged in discovery related to these claims. (Doc. #129 at 10). Defendants assert that granting

1  Plaintiff's motion would further delay discovery of this action and jeopardize the completion
2  of fact finding discovery by the Court ordered deadline of March 18, 2011.  (Doc. #136 at
3  16 (citing Doc. #40)).  However, Defendants have known about the claim for declaratory
4  judgment and the antitrust claims, although pleaded as counter-counterclaims, since October
5  16, 2009.  As such, allowing Plaintiff to file the proposed amended complaint will not create
6  the need for an extension of discovery.

   Defendants have not met their burden of showing prejudice, futility or undue delay in order to contravene the liberal policy of granting motions to amend.  *See DCD Programs,* 833 F.2d at 187 (the party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend).  This burden is necessary to overcome the policy favoring amendments to pleadings.  As such, the Court grants Plaintiff's Renewed Motion for Leave to Amend.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike is denied.  (Doc. #133).

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Leave to Amend is granted.  (Doc. #129).  Plaintiff shall file the proposed amended complaint (Doc #129-1, Exhibit A) within 5 days of the date of this Order.

DATED this 2nd day of August, 2010.

James A. Teilborg
United States District Judge