WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., | No. CV 09-1531-PHX-JAT |
| Plaintiff/Counter-Defendant, | **ORDER** |
| vs. | |
| Avago Technologies Limited, Avago Technologies U.S., Inc., Avago Technologies Wireless IP (Singapore) Pte., Ltd., | |
| Defendants/Counter-Claimants. | |

Pending before the Court are the following motions to seal filed by Defendants Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP (Singapore) Pte., Ltd. (collectively, "Avago"): (1) Avago's Motion to Seal the Sealed Lodged Proposed Version of Its Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims (Doc. # 155); and (2) Avago's Motion to Seal the Sealed Lodged Proposed Version of Its Corrected Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims (Doc. # 165). For the reasons that follow, the Court grants Avago's motions.

1 Historically, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Even though such a right is not absolute, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

In this case, Avago is seeking to have their answer and corrected answer sealed. The Court need not determine whether th pleadings are subject to the compelling reasons standard or the lesser good cause standard, as Avago has shown compelling reasons for sealing their answer. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or *release trade secrets*." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598) (emphasis added).

Avago avers that their answer contains numerous citations of "highly confidential and trade secret information." (Doc. # 165 at p. 4.) As the United State Supreme Court noted, a recognized exception to the right to inspect judicial records are "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Avago has included various diagrams and other details in its answer and corrected answer, which if released to the general public, would have the effect of infringing upon their trade secrets. Additionally, Avago's answer and corrected answer contain references to materials produced by Plaintiff and Counterclaim Defendant TriQuint Semiconductor, Inc. and designated "Highly Confidential—Outside Counsel Only" Moreover, the public's interest in understanding the judicial process will not be harmed, as the pertinent factual and legal issue are ascertainable apart from the sealed answer. The Court agrees that the protection of

- 2 -

trade secrets contained in Avago's answer and corrected answer constitute compelling reasons such that the Court will seal Avago's answer and corrected answer.

Accordingly,

**IT IS ORDERED** that Avago's Motion to Seal the Sealed Lodged Proposed Version of Its Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims (Doc. # 155) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file, under seal, Avago's Sealed Lodged Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims, currently lodged at Doc. # 156.

**IT IS FURTHER ORDERED** that Avago's Motion to Seal the Sealed Lodged Proposed Version of Its Corrected Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims (Doc. # 165) is GRANTED.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall file, under seal, Avago's Sealed Lodged Corrected Answer to TriQuint's First Amended Complaint, Affirmative Defenses and Counterclaims for Trade Secret Theft, Patent Infringement, Copyright Infringement, Conversion, Unjust Enrichment, and Other Related Counterclaims, currently lodged at Doc. # 166.

DATED this 5th day of October, 2010.

James A. Teilborg
United States District Judge