**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation, | No. CV-09-01531-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation; Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation, | |
| Defendants/Counterclaimants. | |

Pending before the Court is a Motion to Sever and Transfer Venue of Trade Secret and Copyright Claims Pursuant to 28 U.S.C. § 1404 (Doc. # 231 or the "Motion") filed by Plaintiff and Counterdefendant TriQuint Semiconductor, Inc. ("TriQuint"). Defendants and Counter-claimants Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP (Singapore) Pte. (collectively, "Avago") oppose the Motion. TriQuint moves the Court to sever Avago's trade secret and copyright infringement counterclaims, and then to transfer these claims to the Middle District of Florida where nearly identical claims are currently pending in an action filed by Avago against two TriQuint employees. For the reasons that follow, the Court will deny the Motion.

## I.     BRIEF BACKGROUND

On April 24, 2009, TriQuint and Avago entered into a Standstill & Tolling Agreement (the "Agreement"), regarding the intellectual property claims each party contends it has against the other party. (Doc. # 242-2, Ex. 1.) The Agreement contains a forum selection clause in which the parties consented and agreed "to exclusive jurisdiction and venue in the United States District Court for the District of Arizona, for the resolution of any and all disputes by and between Avago, on the one hand, and TriQuint on the other, relating in any way to the [certain intellectual property claims against the other]." (*Id.* at p. 2, ¶ 8.)

After the parties were unable to reach a settlement, TriQuint filed a complaint against Avago in the District of Arizona for patent infringement on July 23, 2009. (Doc. # 1.) On September 17, 2009, Avago answered TriQuint's complaint and asserted counterclaims for patent infringement. (Doc. # 21.) In its answer to Avago's counterclaim, TriQuint filed a reply and asserted "counter-counterclaims" for declaratory judgment and antitrust violations. (Doc. # 34, 78.) On March 5, 2010, Avago filed an amended answer to TriQuint's counter-counterclaims, and also amended its counterclaims against TriQuint by adding trade secret and copyright infringement claims. (Doc. # 80, 85.) After conducting discovery, Avago further amended its trade secret and copyright infringement claims on August 26, 2010 (Doc. # 156), which filing was corrected on September 14, 2010 (Doc. # 164). TriQuint seeks to have these trade secret and copyright infringement claims severed from the pending action and transferred to the Middle District of Florida.

Following significant motion practice, the pleadings closed on September 16, 2010. The Court has resolved numerous discovery disputes since the commencement of this action.[1] On October 1, 2010, the Court extended the discovery and dispositive motions deadlines to

---

[1] Additionally, on December 14, 2010, the Court conducted a *Markman* hearing on the disputed claim constructions in the 13 patents at issue in this action. On January 12, 2011, the Court issued its order constructing the disputed claim terms. (Doc. # 229.) Based on the parties' extensive briefings, tutorials and hearings, the Court has acquired an understanding of the complex technology at issue in this action.

April 1, 2011 and August 2, 2011, respectively.[2] (Doc. # 182.) Discovery had been limited to 30 depositions and 60 interrogatories per side as stipulated to by the parties, and the Court denied TriQuint's subsequent request to increase the number of depositions and interrogatories. (*Id.*)

On October 6, 2010, Avago filed an action in the Middle District of Florida against TriQuint employees, Drs. Aigner and Fattinger. *Avago Tech. Ltd. v. Aigner*, CV-10-1486-Orl-22DAB (M.D. Fla. Oct. 6, 2010) (the "Florida action"). The Florida action contains similar allegations and causes of action as Avago's trade secret and copyright infringement counterclaims against TriQuint, and arises out of the same factual circumstances. TriQuint is not a party to the Florida action. On January 19, 2011, "TriQuint moved to transfer Avago's trade secret and copyright infringement claims to the Middle District of Florida simply and solely because Avago has recently filed essentially identical claims in that court against two current TriQuint employees, . . . both of whom are not subject to this Court's jurisdiction." (Doc. # 245 at p. 1.)

## II.  LEGAL STANDARD

The Court has the power to transfer venue under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." According to the Supreme Court, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

It is not disputed that this case could have been brought in the Middle District of Florida. The relevant inquiry is which forum best serves "the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Advanced Semiconductor*

---

[2] The discovery deadline has been further extended to June 1, 2011. The dispositive motion deadline remains August 2, 2011, which is a few weeks past the two year anniversary of the filing of this action. (Doc. # 246.)

- 3 -

*Materials v. Applied Materials, Inc.*, 30 USPQ2d 1553, 1554 (D. Ariz. 1993).  The Court may consider several factors in determining whether to transfer venue.  These factors may include the plaintiff's choice of forum, the extent of the parties' contacts with the forum, the contacts in the forum relating to the plaintiff's cause of action, the availability of non-party witnesses, and the accessibility of evidence.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

**III.   ANALYSIS**

This Order will focus on whether transferring Avago's trade secret and copyright infringement claims is appropriate under 28 U.S.C. § 1404.  If transfer is warranted, the Court has broad discretion to sever the claims pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides in relevant part: "The court may also sever any claim against a party."  FED.R.CIV.P. 21.  The issue raised by the parties is not whether severance is possible, but whether transfer (following severance) is appropriate.

TriQuint's primary reason for seeking to sever and transfer Avago's trade secret and copyright infringement claims is to prevent Avago from gaining a "strategic advantage by expanding the scope of discovery available to it through the Florida action."  (Doc. # 231 at p. 4.) TriQuint also argues that transferring Avago's trade secret and copyright infringement claims is necessary and appropriate to avoid the risk of inconsistent verdicts and to conserve judicial resources.  (Doc. # 245 at p. 1.)  Avago opposes the severance and transfer of its trade secret and copyright infringement claims, because the parties' forum selection clause in the Standstill & Tolling Agreement is valid and binding, and no other considerations warrant disturbing the contracted-for venue.  (Doc. # 242 at p. 6.)  Avago also argues that TriQuint unduly delayed in bringing this motion, and did so to gain a strategic advantage.  (*Id.*)

**A.   Choice of Forum**

As noted above, the parties chose the District of Arizona as the forum for all disputes related to their intellectual property claims.  (Doc. # 242-2, Ex. 1 at p. 2, ¶ 8.)  Pursuant to this provision in the Standstill & Tolling Agreement, TriQuint originally filed this action in

1 the District of Arizona, and does not argue that the forum-selection provision in the
2 Agreement is invalid. TriQuint, instead, argues that "courts routinely transfer cases in the
3 face of valid forum selection clauses where the other factors in the § 1404(a) analysis favor
4 transfer." (Doc. # 245 at p. 3.)

Both parties rely on the Supreme Court's decision in *Stewart* to support their positions. According to the Supreme Court in *Stewart*: "The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." 487 U.S. at 29. As to the weight of the forum selection clause in the Court's balance of the factors, the Supreme Court stated: "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as [state] law might have it), but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31. Accordingly, the Court will consider the forum selection clause in the Standstill & Tolling Agreement to be a significant factor against the transfer of Avago's trade secret and copyright infringement claims.

In support of the Motion, TriQuint cites cases that were transferred to forums other than those specified in the forum selection clause where some, but not all, of the parties were bound by the forum selection clause. *See U-Haul Int'l, Inc. v. Hire A Helper, LLC*, No. CV-08-1271-PHX-DGC, 2008 WL 4368663, at *3–4 (D. Ariz. Sept. 23, 2008); *First Franklin Fin. Corp. v. Liberty Nat'l Mortgage, Inc.*, No. C-07-0504-JF (RS), 2007 WL 915190, at *3 (N.D. Cal. Mar. 23, 2007). The parties in this action are the same parties to the Standstill & Tolling Agreement. As Avago points out, any inconvenience TriQuint suffers by being forced to litigate in the contracted-to forum was clearly foreseeable at the time the parties entered into the Agreement. (Doc. # 242 at p. 7); *see M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18–19 (1972). The forum selection clause, negotiated by the parties in anticipation of a lawsuit concerning the parties' intellectual property, is enforceable and weighs strongly against transferring Avago's trade secret and copyright infringement claims to the Middle District of Florida.

- 5 -

**B.     Convenience of the Parties and Witnesses**

Transfer of venue "is not appropriate . . . when the transfer merely shifts the inconvenience from one party to another." *IMPRA Inc. v. Quinton Instruments Co.*, 17 U.S.P.Q.2d 1890, 1891 (D. Ariz. 1990). The parties appear to have selected the District of Arizona as a neutral forum, because neither party maintains an office in the State of Arizona. The Middle District of Florida is certainly a more convenient forum for TriQuint, because TriQuint's research and development facility is headquartered in Apopka, Florida. Regardless of the Court's decision, Avago must litigate claims in a district where it does not have a place of business. It would be more convenient for Avago to litigate all of its claims in a single consolidated action in the Middle District of Florida. However, and importantly, Avago and TriQuint will still be required to litigate matters in Arizona regardless of the outcome of the Motion. TriQuint only seeks to transfer *part* of Avago's counterclaim. The parties' patent infringement and antitrust claims will remain in the District of Arizona. Therefore, any convenience to the parties in transferring part of the claims to the Middle District of Florida is largely negated by the patent infringement and antitrust claims remaining in the District of Arizona.

TriQuint argues that "Avago's claims [against Drs. Aigner and Fattinger] will have to be tried in Florida in any event and, therefore, it would be most convenient to grant the motion so that only one trial will be necessary." (Doc. # 231 at p. 9.) This is inaccurate. First, TriQuint assumes that Avago's trade secret and copyright infringement claims will be consolidated with the Florida action. However, because these proceedings are at different stages[3] and against different parties, it is uncertain whether the Florida Court would revise the discovery limitations and deadlines, and consolidate the cases. Second, TriQuint's

---

[3] The Florida action has been pending for five months (Doc. # 231-1 at Ex. A), as compared to this action, which as been pending for over 19 months (Doc. # 1). The discovery deadline in the Florida action is November 1, 2011, and the dispositive motion deadline is December 1, 2011. (Doc. # 231-1 at Ex. B.) Whereas, the discovery deadline in this action is June 1, 2011, and dispositive motions are due August 2, 2011. (Doc. # 246.)

- 6 -

1 argument that if the Motion is granted, then only one trial will be necessary, fails to account 2 for the patent infringement and antitrust claims pending before the Court. If the Motion is 3 granted, then at a minimum, there will be two trials pending between TriQuint and Avago. 4 And, if the Florida Court does not consolidate the transferred claims and the Florida action, 5 there will be three trials in which Avago is a party.

6 With respect to witnesses, it is likely that there is overlap between non-party witnesses 7 for the patent infringement and antitrust claims, and non-party witnesses for the trade secret 8 and copyright infringement claims. (Doc. # 231 at p. 10) ("These engineers have detailed 9 knowledge and understanding of the particular TriQuint BAW technology at issue in this 10 case."). Therefore, transferring part of this action to Florida will not alleviate the witness 11 inconveniences cited by TriQuint, because many witnesses will be called to testify in both 12 the patent infringement and antitrust action and the Florida action. Additionally, because the 13 discovery deadline is June 1, 2011, the parties presumably already conducted many of the 14 depositions of the arguably inconvenienced witnesses. There is little evidence that the partial 15 transfer will be considerably more convenient for the parties and non-party witnesses at this 16 late stage in the proceedings.

17 **C.    Interests of Justice**

18 The Court must also consider in which forum the case can be most efficiently 19 litigated. In making this determination, a court may consider whether the parties are 20 involved in a similar case in another district. *Advanced Semiconductor,* 30 USPQ2d at 1553; 21 *IMPRA*, 17 U.S.P.Q.2d at 1892. "As a general rule, cases should be transferred to districts 22 where related actions are pending." *IMPRA*, 17 U.S.P.Q.2d at 1891 (transferring a case 23 where all three lawsuits involved the same parties, the same technology, and competing 24 products in the same relevant markets."). The Court recognizes that a similar case is pending 25 in the Middle District of Florida against individuals who are not parties in this action. 26 However, as discussed above, the Florida action is in its early stages of litigation; whereas, 27 this action has been pending for over 19 months.

28 Here, the issue is not "a race of diligence among litigants for a trial in the District

1 Court each prefers." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).
2 Despite the nearly "identical allegations" in the trade secret and copyright infringement
3 claims and in the Florida action, this action and the Florida action do not involve the same
4 parties. *Compare id.* (finding transfer appropriate where the same parties asserted opposing
5 claims in two different courts regarding the sinking of a cargo ship).  With respect to the
6 Florida action, Avago was not bound by the forum selection clause in the Agreement, but
7 was required to bring suit where a court would have personal jurisdiction over the
8 defendants.

9 TriQuint argues that the risk of inconsistent verdicts necessitates transfer to the
10 Middle District of Florida, where the Florida action is pending and cannot be transferred to
11 the District of Arizona.  This risk is minimized by the different stages at which these actions
12 are pending.  Regardless, the risk of inconsistent verdicts is not eliminated completely by
13 transferring the trade secret and copyright infringement actions to the Middle District of
14 Florida.  TriQuint overlooks the possibility that the Florida Court will not consolidate the
15 Florida action with the transferred trade secret and copyright infringement claims.

16 TriQuint also argues that it would be judicially efficient to transfer the trade secret and
17 copyright infringement claims to the Middle District of Florida.  As noted above,
18 consolidation of the Florida action and the transferred claims is not certain, and it is
19 inefficient to have three actions pending, rather than the two actions currently pending, in
20 two different districts. Further, the Court does not find that it is judicially efficient to transfer
21 claims that have been pending before the Court since May 11, 2010 (Doc. # 85) in an action
22 that has been pending before the Court since July 23, 2009.  The parties have been
23 conducting discovery on the trade secret and copyright infringement claims for over 10
24 months.  The arguments that support transferring the claims are largely nullified by the
25 effects of this delay.  If the claims are transferred and consolidated, then it would be
26 judicially inefficient to extend deadlines set in this action to meet the deadlines set in the
27 Florida action.

28 Finally, due to the numerous discovery disputes between the parties and significant

1 motion practice, the Court is familiar with the parties' claims and the technology underlying 2 these claims. The Court finds the interests of judicial efficiency would not be served by 3 severing the trade secret and copyright infringement claims, which would create a third 4 related action.

### D. Balancing the Factors Affecting the Motion to Transfer

Venue is proper in both the District of Arizona and the Middle District of Florida. The parties selected the District of Arizona as the forum for litigating their claims in the Standstill & Tolling Agreement. The Court does not find any significant reason to transfer claims from the contracted-for venue to another district. If the Motion had been filed earlier in the proceedings, then the convenience of the parties would weigh slightly in favor of transferring the trade secret and copyright infringement claims to the Middle District of Florida. However, at this stage of the proceedings, with the discovery deadline approaching, and the patent infringement and antitrust claims pending before this Court, it is not more convenient to sever part of this action and transfer it to the Middle District of Florida, where it *might* be consolidated with the Florida action. Finally, the interests of justice do not weigh in favor of severing and transferring the trade secret and copyright infringement claims. Severing and transferring the claims does not avoid multiplicity of litigation, and, in fact, may add a third action to the docket. The Court has acquired significant knowledge regarding the parties' claims, and delaying the resolution of the trade secret and copyright infringement claims would be inefficient. The relevant factors weigh in favor of denying TriQuint's motion to transfer venue to the Middle District of Florida.

//
//
//
//
//
//
//

Accordingly,

**IT IS HEREBY ORDERED** that TriQuint's Motion to Sever and Transfer Venue of Trade Secret and Copyright Claims Pursuant to 28 U.S.C. § 1404 (Doc. # 231) is **DENIED**.

DATED this 29th day of March, 2011.

James A. Teilborg
United States District Judge

- 10 -