**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>    Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Avago's Motion to Seal the Sealed Lodged Proposed Version of its Motion for Summary Judgment and Support Documents (Doc. 325) and supporting documents thereto (Doc. 308); (2) Avago's Motion to Seal the Sealed Lodged Proposed Version of its Response to Triquint's Motion for Partial Summary Judgment, and to Seal Certain Items in Triquint's Opposition to Avago's Motion for Summary Judgment (Doc. 367) and supporting documents thereto (Doc. 345); (3) Triquint's Notice re: Withdrawal of Confidentiality Designations and Motion to Seal Certain Items in Parties' Motions for Summary Judgment (Doc. 326) and supporting documents thereto (Doc. 303; Doc. 327; Doc. 328; Doc. 335); and (4) Triquint's Motion re: Withdrawal of Confidentiality Designations and Motion to Seal Certain Items in Parties' Oppositions to Motions for Summary Judgment (Doc. 364) and supporting documents thereto (Doc. 343; Doc. 358).

## I. BACKGROUND

The parties in this case have stipulated to a Protective Order (Doc. 90) with regard to information, documents, and other things produced or served, or otherwise disclosed in this action, which they allege involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any other purpose other than prosecution of this action is warranted. The parties represented to the Court that they have met and conferred and have no disagreements regarding the filing under seal of any documents designated for protection under the Stipulated Protective Order. *See* Doc. 298.

The Court has ordered a protocol (Doc. 300) for the filing of dispositive motions that the parties wish to have filed under seal. Pursuant to the protocol, the parties have filed several motions to seal that are now pending before the Court. The Court now rules on those motions.

## II. LEGAL STANDARD

Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179 (internal quotations omitted). These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

After conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations omitted).

## III. ANALYSIS

### A. Opposition and Reply in Support of Motion for Spoliation Sanctions

At the outset, the Court notes that TriQuint lodged a proposed Opposition to Avago's Motion for Spoliation Sanctions (Doc. 324) ("Opposition") under seal on August 16, 2011. Neither TriQuint or Avago have filed a motion to seal the Opposition or the exhibits attached to it. The twenty-one day deadline set in the Court's Protocol Order for filing such a motion has expired. Accordingly, TriQuint shall file an unsealed version of its Opposition.

Similarly, Avago lodged a proposed version of Avago's Reply on its Motion for Spoliation Sanctions (Doc. 333) ("Reply") under seal on August 25, 2011. On that day, Avago filed a Notice of Lodging (Doc. 332) informing the Court that the Reply should be filed under seal, subject to the terms of the Protocol Order. However, neither TriQuint or Avago have filed a motion to seal the Reply providing good cause or compelling reasons why the Reply or the exhibits attached to it should be sealed. The twenty-one day deadline set in the Court's Protocol Order for filing such a motion has expired. Accordingly, Avago shall file an unsealed version of its Reply.

### B. TriQuint's Motion to Seal Certain Exhibits attached to the Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment and attached to Defendants' and Counterclaim Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts (Doc. 326) ("TriQuint's FirstMotion to Seal")

In its First Motion to Seal, TriQuint has identified ten categories of information that it seeks to seal: (1) communications regarding customers, (2) development of new products and technology, (3) corporate acquisitions, (4) business strategy and financial information, (5) expert reports and depositions, (6) draft patent license agreements, (7) competitive market analysis, (8) customer sales information, (9) organizational charts, and (10) personnel files. The Court appreciates that TriQuint has carefully reviewed each document and diligently limited its redactions only to information that it deems to be the most competitively sensitive information.

TriQuint has shown compelling reasons for redacting information related to the

identities of TriQuint's customers, the draft patent license agreements, and personnel records. With regard to the draft patent license agreements, TriQuint has represented to the Court that the terms and conditions to which TriQuint subjects its licensees are business decisions that affect TriQuint's profitability. This Court has previously found that this kind of information in a licensing agreement constitutes a trade secret that could harm a litigant's competitive standing. *MMI, Inc. v. Baja, Inc.* 743 F.Supp.2d 1101, 1105 -1106 (D. Ariz. 2010). Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Further, where, as here, the documents are only tangentially related to the underlying cause of action, the public need is lessened. Accordingly, the Court finds that TriQuint has shown compelling reasons to seal the Draft Patent Cross License Agreements (exhibits 65 and 66 to the Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment).

Further, TriQuint contends that the identities of its customers are not generally known to the public and requests that its customers' names be redacted from various exhibits attached to the Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment and Defendants' and Counterclaim Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts. TriQuint has kept its customers' names from public disclosure and release of the names could harm its competitive standing, so the need for public access to the names is lessened. On balance, because solely redacting TriQuint's customer names from the exhibits only withholds a comparatively small amount of information from the public, protects TriQuint's interest in its competitive standing, and does not affect the public's interest in keeping a watchful eye on the workings of public agencies, the Court finds that TriQuint has shown compelling reasons to redact its customer names from the exhibits attached to the Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment and attached to Defendants' and Counterclaim Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts.

Finally, TriQuint requests that two exhibits containing personnel records regarding TriQuint employees and portions of other exhibits referring to the content of those personnel records be filed under seal. The TriQuint employees are third parties who have not chosen to have their personnel records placed into the public record. The Court finds that the TriQuint employees have a strong interest in maintaining the privacy of a relatively small, specific portion of their personnel files that outweighs the public's right of access. Accordingly, TriQuint has shown compelling reasons to seal the two personnel records of TriQuint employees and portions of other exhibits referring to the content of those personnel records (exhibits 32, 41, 54, 178, 186, and 187 attached to Defendants' and Counterclaim Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts).

For the categories of communications regarding customers, developments of new products and technology, corporate acquisitions, business strategy and performance, expert reports and depositions, competitive market analysis, customer sales information, and organizational charts, TriQuint has failed to articulate compelling reasons accompanied by a specific factual basis specifically identifying why certain documents should be sealed. Instead, for most of the exhibits in these categories, TriQuint has made the generic assertion that the exhibits are "considered highly confidential by TriQuint and TriQuint protects this information from public disclosure." This is not specific enough for the Court to determine whether there are actual compelling reasons to seal these documents.

While TriQuint contends that the redactions contain trade secrets, TriQuint envelopes whole categories of information into the domain of trade secrets without providing an explanation as to how they constitute trade secrets or why they need to be protected in this particular case. For instance, with regard to expert reports and deposition reports, TriQuint contends that they contain "very detailed information about TriQuint's sales, pricing, margins, costs, customers, products development, business strategy, profits, potential business acquisitions and supplier relationships, which would cause severe harm to TriQuint if disclosed to customers and competitors." (Doc. 326 at 9). Aside from giving the Court

1  the definition of a trade secret, TriQuint has failed to identify why information related to
2  those subcategories constitute trade secrets in this case.

3  For instance, TriQuint has not identified any reasons why information about
4  TriQuint's profits are trade secrets. The mere assertion that TriQuint considers profit
5  information sensitive and highly confidential does not amount to a compelling reason. Lost
6  profits are at direct issue and are not tangential to this case. TriQuint must show compelling
7  reasons for sealing profit information. *See ATM Express, Inc. v. ATM Express, Inc.*, No.
8  07cv1293-L(RBB), 2008 WL 4997600, at *2 (S.D. Cal. November 20, 2008) (reasoning that
9  "[i]n almost any case where a plaintiff seeks economic damages, it must present financial
10 information in support of the requested amount. Should either party in the future seek to seal
11 any financial information on which it intends to rely for proof of damages, it must show how
12 the financial information in this case is more confidential, sensitive or proprietary than in a
13 typical case where damages are sought."); *see also Kowalski v. Mommy Gina Tuna Res.*, No.
14 05-00679-BMK, 2009 WL 1227878, at *2 (D. Haw. April 30, 2009) (finding that "it is
15 unclear how Defendants' profit information alone has 'independent economic value' or how
16 publication would allow competitors to undercut Defendants' prices or impact Defendants'
17 reputation in the marketplace.").

18 Even if TriQuint had identified compelling reasons for sealing these specific
19 categories of information, TriQuint still failed in its duty to provide the Court with the
20 specific information in these categories that it seeks to seal. For example, TriQuint must
21 identify to the Court the exact information in its expert report, by page and line number if
22 necessary, that relates to profit information and the compelling reasons that information
23 needs to be redacted. TriQuint cannot leave it to the Court to puzzle out which information
24 it thinks relates to lost profits and then to apply TriQuint's generalized assertions of
25 compelling reasons to justify sealing that information.

26 Because TriQuint has made a good faith effort to carefully redact these exhibits, the
27 Court will allow TriQuint to supplement its motion to seal. In doing so, TriQuint should
28

specifically explain to the Court why the information in the categories related to organizational charts, customer sales information, competitive market analysis, corporate acquisitions, business strategy and financial information, and developments of new products and technology should be sealed. Further, with regard to expert reports and depositions, TriQuint needs to specifically identify, by page and line number if necessary, which portions relate to sales, pricing, margins, costs, customers, product development, business strategy, profits, potential business acquisitions, and supplier relationships. (Doc. 326 at 4-5). TriQuint then needs to identify compelling reasons for the information in those categories to be sealed. Finally, with regard to customer sales information, TriQuint needs to specifically identify, by page and line number if necessary, which portions relate to products TriQuint's customers purchase, volumes of product available and purchased from TriQuint, TriQuint's production capacity, Triquint's pricing and price negotiations, and TriQuint's new product development. (Doc. 326 at 4). TriQuint then needs to identify compelling reasons for the information in those categories to be sealed.

### C. Avago's Motion to Seal the Sealed Lodged Proposed Version of its Motion for Summary Judgment and Supporting Documents (Doc. 325) ("Avago's First Motion to Seal")

In its First Motion to Seal, Avago has identified five categories of information that it seeks to seal: (1) employment of current Avago employees, (2) details of Avago's and TriQuint's financial and business operations, (3) trade secrets relating to: tuning of BAW resonators, details regarding one of Avago's processes for making BAW filters and packaging for those filters, filter design layouts, GDS layer information and wireframe GDS images, acoustically relevant layers, material selection of the layers, and layer thickness, (4) Avago's financial and business operations, including details of Avago's sales volume and pricing, and (5) business relations with Nokia Mobile Phones, Ltd., EPCOS AG, Northrup Grumman Corporation, Skyworks Solutions, Inc. and Infineon that Avago is obliged to retain in confidence.

Avago has shown compelling reasons for redacting some information related to

employment of current Avago employees, trade secrets, and business relations.

With regard to records of current Avago employees, Avago requests that exhibits 16 and 17 to Avago's Sealed Lodged Proposed Rule 56.1 Statement of Undisputed Material Facts be sealed. The exhibits contain an employment contract and emails related to an employment contract. For the same reasons that the Court allowed TriQuint to seal its employees' personnel files, discussed above, the Court finds that Avago has shown compelling reasons to seal these exhibits.

With regard to exhibits containing trade secrets, Avago requests that exhibits 50, 134, 135, 143, and 207 to Avago's Sealed Lodged Proposed Rule 56.1 Statement of Undisputed Material Facts be sealed. Avago has specifically identified the trade secrets that will be released if these exhibits are published and has informed the Court that this information is not obtainable outside of Avago. The release of trade secrets is a compelling reason "sufficient to outweigh the public's interest in disclosure and justify sealing court records." *Kamakana*, 447 F.3d at 1179 (internal citation omitted). Accordingly, Avago has shown compelling reasons to seal these exhibits.

With regard to exhibits concerning Avago's business relations, Avago requests that exhibits 8, 9, 11, 12, 82, 110, and 204 to Avago's Sealed Lodged Proposed Rule 56.1 Statement of Undisputed Material Facts and exhibits 2, 47, 48, 25, 26, 27, 49, and 50 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment be sealed. These exhibits contain asset purchase agreements, cross license agreements, confidential settlement agreements, confidential purchase agreements, patent assignment agreements, and related documents that concern Avago's confidential business dealings with third parties. In some cases, it is appropriate to file such confidential documents under seal. *See Skydive Arizona, Inc. v. Quattrocchi*, CV05-2656-PHX-MHM, 2009 WL 6597892, at *10 (D. Ariz. February 2, 2009). The exhibits at issue here involve previous business dealings that are collateral to the issues in this case and they implicate the confidentiality of parties not involved in the current

1   case. Accordingly, the Court finds that Avago has shown compelling reasons to file these
2   exhibits under seal.

3   With regard to the rest of Avago's requests, Avago's motion to seal suffers from the
4   same deficiencies as TriQuint's motion to seal as discussed above. Avago has requested that
5   the following exhibits be redacted in full: 185, 20, 33, 142, 49, and 175 to Avago's Sealed
6   Lodged Proposed Rule 56.1 Statement of Undisputed Material Facts and 44, 76, 122, 92, 93,
7   95, 104, 105, 117, and 118 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan
8   M. James in Support of TriQuint's Motion for Partial Summary Judgment. Avago has not
9   presented compelling reasons to seal these documents in *full*. To the extent that Avago can
10  identify particularized portions of these exhibits that it wants redacted and compelling
11  reasons to do so, the Court will allow Avago to supplement its request to seal.

12  Avago has further requested that the Court seal exhibits that contain details of
13  "Avago's financial and business operations, including, but not limited to, details of Avago's
14  sales volume and pricing" (exhibits 65, 66, 132, 133, 136, 137, 149, 180, 189, 190, 192, 193,
15  195, 198, 200, 201, 214, and 215 to Avago's Sealed Lodged Proposed Rule 56.1 Statement
16  of Undisputed Material Facts and exhibits 5, 11, 12, 20, 21, 22, 23, 24, 28, 29, 30-38, 40, 42,
17  43, 67, 69, and 70 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James
18  in Support of TriQuint's Motion for Partial Summary Judgment) and exhibits that contain
19  details of "Avago's acquisition of assets from Infineon" (exhibits 3, 6, 9, 13, 14, 15, 39, 46,
20  52-64, 72-73, and 127 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M.
21  James in Support of TriQuint's Motion for Partial Summary Judgment). Avago has failed
22  to specify the specific portions of these documents that relate to these categories. Further,
23  Avago has not provided any particularized explanation as to why these documents should be
24  sealed, aside from the generalized assertion that they "contain references to sensitive and
25  highly confidential details" and are only "disclosed with appropriate precautions." This does
26  not meet the compelling reasons standard. Because the Court finds that Avago made a good
27  faith effort to limit its redactions, Avago may supplement its motion to seal to specifically
28

identify, by page and line number if necessary, which portions of the documents should be sealed and to identify compelling reasons for those portions to be sealed.

### D. TriQuint's Motion to Seal Certain Items in Parties' Oppositions to Motions for Summary Judgment (Doc. 364) ("TriQuint's Second Motion to Seal")

In its Second Motion to Seal, TriQuint has identified eight categories of information that it seeks to seal: (1) communications regarding customers, (2) development of new products and technology, (3) corporate acquisitions, (4) business strategy and financial information, (5) expert reports and depositions, (6) TriQuint's product purchase and vendor information, (7) personnel and business information, and (8) manufacturing capacity and costs.

TriQuint has shown compelling reasons for redacting the exhibits in the category of personnel and business information (exhibits166, 307, 367 to the Declaration of Jonathan M. James in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment and the Declaration of Debbie Burke). TriQuint has carefully redacted limited portions of these exhibits that contain personnel information related to its employees. For the same reasons the Court allowed TriQuint and Avago to redact personnel information discussed above, TriQuint has shown compelling reasons for redacting the information in these exhibits. Further, to the extent that TriQuint seeks to redact is customers' names from its exhibits, the Court finds that it has shown compelling reasons to do so for the same reasons discussed above.

Finally, for the reasons discussed above, TriQuint has failed to show compelling reasons why the exhibits in the remaining categories should be sealed. In its Second Motion to Seal, TriQuint identified two additional categories of information to be sealed: TriQuint's product purchase and vendor information and manufacturing and capacity costs. Although TriQuint generally avers that information in these categories is confidential and could harm its competitive standing, TriQuint fails to identify specific, compelling reasons why public disclosure of its purchases of component parts, the vendors it uses, and its manufacturing capacity and costs would harm its competitive standing. The Court will allow TriQuint to

- 10 -

supplement its Second Motion to Seal as described above.

**E.     Avago's Motion to Seal the Sealed Lodged Proposed Version of its Response to TriQuint's Motion for Summary Judgment, and to Seal Certain Items in TriQuint's Opposition to Avago's Motion for Summary Judgment (Doc. 367) ("Avago's Second Motion to Seal")**

In its Second Motion to Seal, Avago has identified four categories of information that it seeks to seal: (1) details of Avago's and TriQuint's financial and business operations, (2) trade secrets relating to: tuning of BAW resonators, details regarding one of Avago's processes for making BAW filters and packaging for those filters, filter design layouts, GDS layer information and wireframe GDS images, (3) Avago's financial and business operations, including details of Avago's sales volume and pricing, and (4) business relations with Nokia Mobile Phones, Ltd., EPCOS AG, Skyworks Solutions, Inc., and Infineon that Avago is obliged to retain in confidence.

Avago has shown compelling reasons for redacting some of the exhibits in the categories of trade secrets and business relations.

For the category of trade secrets, Avago requests that exhibits 232, 233, 234, 246, 247, 250, 252, 254-268, and 279 to Avago's Sealed Lodged Proposed Rule 56.1 Controverting Statement of Facts and Additional Statement of Facts and exhibits 197, 212, 213, 223, 257, 196, 200, 204, 287, 333, 340, 354, 355, 356, and 357 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment be sealed. Avago has specifically identified the trade secrets that will be released if these exhibits are published and has informed the Court that this information is not obtainable outside Avago. For the same reasons that the Court found that Avago stated compelling reasons to seal specifically identified trade secrets in its First Motion to Seal, the Court finds that Avago has shown compelling reasons to seal these exhibits.

For the category of business relations, Avago requests that exhibits 244 and 251 to Avago's Sealed Lodge Proposed Rule 56.1 Controverting Statement of Facts and Additional Statement of Facts and exhibits 163, 240, 168, 170, 245, and 231 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Opposition to

1  Avago's Motion for Summary Judgment be sealed. These exhibits contain documents
2  related to Avago's confidential business dealings with third parties. For the same reasons
3  the Court found that Avago stated compelling reasons to seal certain documents related to
4  business relations in its First Motion to Seal, the Court finds that Avago has shown
5  compelling reasons to seal these exhibits

6  Further, for the reasons discussed above, Avago has failed to show compelling reasons
7  why the remaining exhibits should be sealed. Avago has requested that the following
8  exhibits be redacted in full: 238, 239, 177A, 185A, 187A, 199A, 205A, 218, and 222 to
9  Avago's Sealed Lodged Proposed Rule 56.1 Controverting Statement of Facts and Additional
10 Statement of Facts and 300, 311, 313, 314, 315, 322, 294, 303, 323, 352, and 353 to
11 TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of
12 TriQuint's Opposition to Avago's Motion for Summary Judgment. Avago has not presented
13 compelling reasons to seal these documents in *full*. To the extent that Avago can provide the
14 Court with particularized portions of these exhibits that it wants redacted and compelling
15 reasons to do so, the Court will allow Avago to supplement its request to seal.

16 Avago has further requested that the Court seal exhibits that contain details of
17 "Avago's financial and business operations, including, but not limited to, details of Avago's
18 sales volume and pricing" and exhibits that contain details of "Avago's acquisition of assets
19 from Infineon." Avago has failed to specify the specific portions of these documents that
20 relate to these categories. Further, Avago has not provided any particularized explanation
21 as to why these documents should be sealed aside from the generalized assertions that they
22 "contain references to sensitive and highly confidential details" and are only "disclosed with
23 appropriate precautions." This does not meet the compelling reasons standard. Because the
24 Court finds that Avago made a good faith effort to limit its redactions, Avago may
25 supplement its motion to seal to specifically identify, by page and line number if necessary,
26 which portions of the documents should be sealed and to identify compelling reasons for
27 those portions to be sealed.
28

Accordingly,

**IT IS ORDERED** that the motions to seal (Doc. 325, Doc. 326; Doc. 367; and Doc. 364) and supporting documents thereto (Doc. 308; Doc. 345; Doc. 303; Doc. 327; Doc. 328; Doc. 335; Doc. 343; and Doc. 358) are granted in part as follows:

Triquint's request to seal exhibits 65 and 66 to the Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment and exhibits 32, 41, 54, 178, 186 and 187 to Defendants' and Counterclaim Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts is granted. Further, TriQuint's request to redact its customers' names from certain exhibits is granted.

Avago's request to seal exhibits 16, 17, 8, 9, 11, 12, 82, 110, 204, 50, 134, 135, 143, and 207 to Avago's Sealed Lodged Proposed Rule 56.1 Statement of Undisputed Material Facts and exhibits 2, 47, 48, 25, 26, 27, 49, and 50 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary Judgment is granted.

TriQuint's request to seal exhibits 166, 307, 367 to the Declaration of Jonathan M. James in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment and the Declaration of Debbie Burke is granted. Further, TriQuint's request to redact its customers' names from certain exhibits is granted.

Avago's request to seal exhibits 232, 233, 234, 246, 247, 250, 252, 254-268, 244, 251, and 279 to Avago's Sealed Lodge Proposed Rule 56.1 Controverting Statement of Facts and Additional Statement of Facts and exhibits 197, 212, 213, 223, 257, 196, 200, 204, 287, 333, 340, 354, 355, 356, 357, 163, 240, 168, 170, 245, and 231 to TriQuint's Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment is granted.

These motions are denied in all other respects. However, the Clerk of the Court shall not strike or unseal any documents relating to these motions at this time because they will be subject to the supplemental motions to seal discussed below.

1   **IT IS FURTHER ORDERED** that the parties shall supplement their motions to seal (Doc. 325, Doc. 326; Doc. 367; and Doc. 364) within 10 days.  If the parties do not supplement their motions to seal or if, after reading the parties' supplemental filings, the Court does not find compelling reasons to grant the motions to seal, the Court will strike the lodged documents without granting the parties any further opportunity to move to seal.[1]

**IT IS FURTHER ORDERED** that Avago's Motion to Seal the Sealed Lodged Proposed Version of its Reply on Motion for Spoliation Sanctions Against TriQuint Semiconductor, Inc. (Doc. 332) is denied.  The parties shall refile an unredacted public version of Triquint's Opposition to Avago's Motion for Spoliation Sanctions (Doc. 324-sealed; Doc. 322 and Doc. 323-unsealed) and Avago's Reply on its Motion for Spoliation Sanctions (Doc. 333-sealed; Doc. 331-unsealed) within 5 days of the date of this Order.  The Clerk of the Court shall strike the redacted versions of these motions currently filed at Doc. 322, Doc. 323, and Doc. 331 and the sealed versions of these motions currently filed at Doc. 324 and Doc. 333 (the stricken sealed documents shall remain sealed).

DATED this 17th day of October, 2011.

James A. Teilborg
United States District Judge

---

[1] Further, any to-be-filed motions to seal by the parties must be filed in compliance with this Order as the Court will not allow supplemental briefing in the future.