**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>      Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>      Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Triquint's Unopposed Motion for Reconsideration and Motion to Seal (Doc. 383).

## I.  TRIQUINT'S MOTION FOR RECONSIDERATION

TriQuint requests reconsideration of the portion of this Court's October 17, 2011 Order (Doc. 378) requiring the parties to file unredacted versions of TriQuint's Opposition to Avago's Motion for Spoliation Sanctions (the "Opposition") and Avago's Reply on Motion for Spoliation Sanctions (the "Reply").

In its October 17, 2011 Order, the Court explained that the Opposition and Reply should be filed unredacted because neither party filed a motion to seal either document providing good cause or compelling reasons why either document should be sealed within the twenty-one day deadline set in the Court's Protocol Order for Filing of Materials Related

to Dispositive Motions under Seal (Doc. 300).

TriQuint argues that its Motion for Reconsideration should be granted because it "mistakenly failed to appreciate that it needed to separately move to seal" the same type of information that the Court previously ordered sealed in connection with Avago's opening brief in support of its motion for spoliation sanctions (the "Opening Brief"). TriQuint offers no explanation as to how it made this "mistake," especially in light of the fact that the Court's Protocol Order specifically stated that the procedures for requesting sealing set forth in it "shall also apply to any materials submitted by either party in response or reply to Avago's Motion for Sanctions." (Doc. 300 at 3). Apparently, TriQuint believed that, despite the Protocol Order stating specifically to the contrary, the Court should automatically seal any information in the same category as information that was previously sealed without TriQuint moving to seal it. The Ninth Circuit Court of Appeals has clearly stated that such "automatic sealing" is inappropriate. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."). This rationale makes sense, otherwise, the Court would have to rely on mere conjecture to determine that the information the parties now seek to seal falls into the same categories of information that the Court previously ordered sealed. TriQuint should have been aware of these rules as it has cited *Kamakana* to the Court on several occasions and the Court specifically stated in its Protocol Order that if the parties wanted information in the Opposition and Reply sealed, they would need to file a motion to seal.

TriQuint has failed to cite to any rule under which it is moving or is entitled to move for reconsideration. Because TriQuint has included an untimely Motion to Seal information related to the Opposition and the Reply, in combination with its Motion for Reconsideration, the Court will consider TriQuint's Motion for Reconsideration to be a Motion for Extension of Time pursuant to Federal Rules of Civil Procedure 6(b)(1)(B), which provides "the court may, for good cause, extend the time on motion made after the time has expired if the party

failed to act because of excusable neglect." Courts are "permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993).

"[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-1224 (9th Cir. 2000). In this case, TriQuint's Motion to Seal the Opposition and Reply is unopposed by Avago. Further, TriQuint's delay does not unduly impact the proceedings. TriQuint's reason for delay–its mistaken failure to appreciate that it needed to separately move to seal the information, despite a Court Order specifically on point–is difficult to understand; however, the Court does not find that TriQuint has acted in bad faith. Further, the Court finds that equity favors considering TriQuint's Motion to Seal on the merits. Accordingly, the factors weigh in favor of granting TriQuint's Motion for Extension of Time to file its Motion to Seal the Opposition and Reply.

### II. TRIQUINT'S MOTION TO SEAL THE OPPOSITION AND THE REPLY

In its Motion to Seal the Opposition and Reply, TriQuint requests that the Court seal carefully redacted portions of seven exhibits: Exhibits 1, 9, 40, 42 and one page of Exhibit 13 to the Declaration of David J. Palmer in Support of TriQuint's Opposition to Avago's Motion for Spoliation Sanctions (the "Palmer Declaration") and Exhibits F and G to the Declaration of Eric B. Evans in Support of Defendants and Counterclaim Plaintiffs' Reply on Motion for Spoliation Sanctions against TriQuint Semiconductor, Inc.

TriQuint asserts that the redacted portions of these exhibits contain highly confidential information related to its employees and the identities of its customers. TriQuint, in accordance with this Court's previous Order regarding motions to seal (Doc. 378), has limited its redactions to specific portions of confidential information related to its employees

1 and the identities of its customers.

2 In ruling on a motion to seal, the Court must conscientiously balance the competing
3 interests of the public and the party who seeks to keep certain judicial records secret.
4 *Kamakana*, 447 F.3d at 1179. The party seeking to keep such records secret must show
5 compelling reasons for the Court to do so. *Id.* at 1178-79.

6 Where a party shows that its documents contain sources of business information that
7 might harm its competitive standing, the need for public access to the records is lessened.
8 *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). TriQuint contends that the
9 identities of its customers are not generally known to the public and requests that its
10 customers' names be redacted from Exhibit 9 to the Palmer Declaration. TriQuint has kept
11 its customers' names from public disclosure and release of the names could harm its
12 competitive standing, so the need for public access to the names is lessened. This Court has
13 previously held that solely redacting TriQuint's customer names from the exhibits only
14 withholds a comparatively small amount of information from the public, protects TriQuint's
15 interest in its competitive standing, and does not affect the public's interest in keeping a
16 watchful eye on the workings of public agencies. Accordingly, TriQuint has shown
17 compelling reasons to redact its customer names from Exhibit 9 to the Palmer Declaration.

18 The remaining portions of the exhibits that TriQuint requests to have sealed contain
19 confidential information relating to its employees. The TriQuint employees are third parties
20 who have not chosen to have their personnel records placed into the public record. TriQuint
21 has carefully redacted these exhibits, line by line, omitting relatively small portions of each
22 of the exhibits. This Court has previously held that TriQuint employees have a strong
23 interest in maintaining the privacy of relatively small, specific portions of their personnel
24 files that outweighs the public's right of access. Accordingly, TriQuint has shown
25 compelling reasons to seal the information relating to its employees in the remaining six
26 exhibits.

27 For the foregoing reasons,

28

**IT IS ORDERED** that TriQuint's Motion for Reconsideration (Doc. 383)[1] is granted.

**IT IS FURTHER ORDERED** that the Parties shall refile the Opposition and Reply under seal, consistent with the terms of this Order, within five days of the date of this Order. The Parties shall also refile the redacted public versions of the Opposition and Reply within five days of the date of this Order.

DATED this 31st day of October, 2011.

James A. Teilborg
United States District Judge

---

[1] As noted above, the Court considers TriQuint's Motion for Reconsideration to be a Motion for Extension of Time pursuant to Federal Rules of Civil Procedure 6(b)(1)(B).

- 5 -