**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>  Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>  Defendants/Counter-Claimants. | No. CV 09-1531-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Avago's Motion to Seal the Sealed Lodged Proposed Version of its Response to TriQuint's Motion for Summary Judgment, and to Seal Certain Items in TriQuint's Opposition to Avago's Motion for Summary Judgment (Doc. 380[1]; Doc. 365-notice); (2) TriQuint's Motion to Seal Certain Items in Parties' Replies in Support of their Motions for Summary Judgment (Doc. 381; Doc. 370-notice); (3) Avago's Supplemental Motion to Seal the Lodged Proposed Versions of its Motion for Summary

---

[1] Although this Motion's title indicates that it seeks to seal documents attached to Avago's Response to TriQuint's Motion for Summary Judgment and documents attached to TriQuint's Opposition to Avago's Motion for Summary Judgment, the substance of the Motion indicates that Avago seeks to seal documents related to TriQuint's Reply in Support of its Motion for Partial Summary Judgment and documents related to Avago's Reply in Support of its Motion for Summary Judgment.

Judgment and Supporting Documents, the Lodged Proposed Versions of Its Opposition to TriQuint's Motion for Summary Judgment and Supporting Documents, Certain Items in TriQuint's Motion for Summary Judgment, and Certain Items in TriQuint's Opposition to Avago's Motion for Judgment (Doc. 388); (4) TriQuint's Supplemental Motion to Seal Certain Items in Parties' Motions for and Oppositions to Summary Judgment (Doc. 389); (5) TriQuint's Motion to Seal Certain Items in TriQuint's Notice of Errata (Doc. 405; Doc. 393 - notice); (6) TriQuint's Motion to Seal and Notice of Lodging Under Seal (Doc. 397); and (7) Avago's Motion to Seal and Notice of Lodging Under Seal (Doc. 400).

## I.     BACKGROUND

The Parties in this case have stipulated to a Protective Order (Doc. 90) with regard to information, documents, and other things produced or served, or otherwise disclosed in this action, which they allege involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any other purpose other than prosecution of this action is warranted.  The Parties represented to the Court that they have met and conferred and have no disagreements regarding the filing under seal of any documents designated for protection under the Stipulated Protective Order.  *See* Doc. 298.

The Court has ordered a protocol (Doc. 300) for the filing of dispositive motions that the Parties wish to have filed under seal.  Pursuant to the protocol, the Parties have filed several motions to seal that are now pending before the Court.  The Court now rules on those motions.

## II.    LEGAL STANDARD

Because there is a strong presumption in favor of public access to court documents, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted).  This means "the party must articulate compelling reasons supported by specific factual findings  that

outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179 (internal quotations omitted). These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

After conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret, "if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotations omitted).

**III. ANALYSIS**

**A. TriQuint's Motion to Seal Certain Items in Parties' Replies in Support of their Motions for Summary Judgment (Doc. 381; Doc. 370-notice) ("TriQuint's First Motion to Seal")**

In its First Motion to Seal, TriQuint seeks to seal Exhibits 375 and 379 attached to its Sealed Lodged Proposed Declaration of Jonathan M. James in Support of TriQuint's Reply in Support of its Motion for Partial Summary Judgment (Doc. 371-1) (the "James Reply Declaration") and Exhibits 188B, 291, 295, 296, 301, 202, and 313 attached to Avago's Rule 56.1 Controverting Statement of Facts to TriQuint's Additional Statement of Facts and Avago's Reply Statement of Facts in Support of its Statement of Material Facts (Doc. 366) ("Avago Reply SOF"). TriQuint has identified six categories of information that it seeks to seal: (1) customer identities, (2) sales information, (3) market analysis, (4) corporate acquisitions, (5) capital expenditures and development costs, and (6) manufacturing capacity.

In accordance with this Court's prior Orders, TriQuint has diligently redacted each of the exhibits it seeks to have sealed, limiting its redactions to only that information it considers to be the most sensitive. Further, TriQuint has specifically identified the information it seeks to redact, has individually identified such information in each document, and has provided the Court with full explanations as to why that information should be sealed. The Court will briefly discuss each category of information that TriQuint seeks to have sealed.

### 1. Customer Identity Information

Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). TriQuint contends that the identities of its customers are not generally known to the public and requests that its customers' names be redacted from Exhibit 375 to the James Reply Declaration and Exhibits 188B, 295, and 303 to the Avago Reply SOF. This Court has previously held that solely redacting TriQuint's customer names from the exhibits only withholds a comparatively small amount of information from the public, protects TriQuint's interest in its competitive standing, and does not affect the public's interest in keeping a watchful eye on the workings of public agencies. Accordingly, TriQuint has shown compelling reasons to redact its customer names and other identifying information from Exhibit 375 to the James Reply Declaration and Exhibits 188B, 295, and 303 to the Avago Reply SOF.

### 2. Volume of Sales Information

TriQuint seeks to redact information regarding the volume of its sales. TriQuint acknowledges that its total revenue is public, but asserts that its competitive standing will be seriously harmed if certain sales information is released to the public because it would provide competitors with information regarding TriQuint's capacity, business strategy related to particular industries and markets, and the value of its business in certain products. TriQuint has limited its redactions to certain numbers that would reveal this information to competitors. Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal volume of sales information in Exhibits 375 and 379 to the James Reply Declaration and Exhibits 295, 296, 301, and 303 to the Avago Reply SOF.

### 3. Market Analysis Information

TriQuint seeks to seal Exhibit 313 to the Avago Reply SOF. Exhibit 313 is a detailed

- 4 -

spreadsheet tracking information regarding potentially competitive products that TriQuint asserts is integral to its market analysis. TriQuint asserts that this information constitutes a trade secret because it contains significant proprietary information. TriQuint asserts that, if this information is revealed to the public, it will suffer serious competitive harm. Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal the market analysis information contained in Exhibit 313 to the Avago Reply SOF.

### 4. Corporate Acquisitions Information

TriQuint seeks to redact portions of Exhibit 188B to the Avago Reply SOF because it contains TriQuint's analysis of and business strategy related to acquisition and licensing opportunities. TriQuint asserts that revealing its negotiation strategies, business priorities and decision-making process, in the context of acquisition and licensing negotiations with a third party, would significantly harm its competitive standing. Because TriQuint would be harmed if this information were revealed to the public and this information is only tangentially related to the Parties' motions for summary judgment, the Court finds that TriQuint has shown compelling reasons to seal the corporate acquisitions information contained in Exhibit 188B to the Avago Reply SOF.

### 5. Capital Expenditures and Development Cost Information

TriQuint seeks to redact portions of Exhibit 291 to the Avago Reply SOF because it contains information regarding BAW development spending, budgets, and development processes. TriQuint asserts that revealing this information to the public would significantly harm its competitive standing because it would allow competitors to tailor their own capital expenditures, budgets, and business strategies to compete against TriQuint more effectively. Because TriQuint would be harmed if this information were revealed to the public and this information is only tangentially related to the Parties' motions for summary judgment, the Court finds that TriQuint has shown compelling reasons to seal the information contained

in Exhibit 291 to the Avago Reply SOF.

### 6. Manufacturing Capacity Information

TriQuint seeks to redact portion of Exhibit 303 to the Avago Reply SOF because it contains numbers stating TriQuint's manufacturing capacity. TriQuint asserts that revealing this information to the public would harm its competitive standing because it would allow competitors to tailor their own production and sales strategies to compete with TriQuint more effectively. Because TriQuint would be harmed if this information were revealed to the public, the Court finds that TriQuint has shown compelling reasons to seal the information in Exhibit 303 to the Avago Reply SOF.

Accordingly, TriQuint's First Motion to Seal (Doc. 381) is granted.

**B. Avago's Motion to Seal the Sealed Lodged Proposed Version of its Response to TriQuint's Motion for Summary Judgment, and to Seal Certain Items in TriQuint's Opposition to Avago's Motion for Summary Judgment (Doc. 380; Doc. 365-Notice) ("Avago's First Motion to Seal")**

In its First Motion to Seal, Avago seeks to seal portions of (1) Exhibits 193B, 288, and 294 to its Reply in Support of its Motion for Summary Judgment (Doc. 366), (2) the Declaration of Richard Ruby lodged in support of its Reply in Support of its Motion for Summary Judgment and Exhibits 1 and 2 thereto, and (3) Exhibits 372, 374, 376, 377, 378, and 381 to the James Reply Declaration.

Avago argues that these documents fall into four categories that require them to be sealed: (1) acquisition of assets from Infineon AG; (2) sales volume and pricing; (3) sensitive information about Avago's products and processes that is not typically available to the public, including processes for making BAW filters; and (4) business relations with customers and potential customers, including Apple Inc. and Motorola, Inc.

In accordance with this Court's prior Orders, Avago has diligently redacted each of the exhibits it seeks to have sealed, limiting its redactions to only that information it considers to be the most sensitive. This Court has previously held that disclosing confidential business dealings with third parties, certain customer and pricing information, and trade secrets, such as the processes involved in production, could harm Avago's

- 6 -

1 competitive standing. Since only a relatively small portion of information will be withheld
2 from the public and Avago could suffer harm from the disclosure of this information, the
3 Court finds that Avago has shown compelling reasons to seal this information. Accordingly,
4 Avago's First Motion to Seal (Doc. 380) is granted.

    **C.**    **Avago's Supplemental Motion to Seal the Lodged Proposed Versions of its Motion for Summary Judgment and Supporting Documents, the Lodged Proposed Versions of Its Opposition to TriQuint's Motion for Summary Judgment and Supporting Documents, Certain Items in TriQuint's Motion for Summary Judgment, and Certain Items in TriQuint's Opposition to Avago's Motion for Judgment (Doc. 388) ("Avago's Second Motion to Seal")**

9     In its Second Motion to Seal, Avago seeks to seal: (1) Exhibits 65, 214, and 66 to its
10 Rule 56.1 Statement of Undisputed Material Facts (Doc. 312) ("Avago's SOF"), (2) Exhibit
11 185A and portions of Exhibits 187A, 218, 222, 205A, and 239A to its Controverting
12 Statement of Facts and Additional Statement of Facts (Doc. 350) ("Avago's Controverting
13 SOF"), (3) Exhibits 21, 23, 28, 31, 33, 34, 35, 37, 40, 44, 69, 70, 46, 9, 14, 15, 54, 72, 32,
14 39, 53, 55, 56, 58, 73, 63, 64 and portions of Exhibits 11, 13, 20, 22, 24, 29, 30, 36, 38, 42,
15 43, 57, 59, 60, 67, 12, 52, 61, 62, 76, 92, 93, 104, 117, 118, 127, 95 and 105 to the
16 Declaration of Jonathan M. James in Support of TriQuint's Motion for Partial Summary
17 Judgment (Doc. 306) ("James Supporting Declaration"), (4) Exhibits 303, 314, 315, 352, and
18 portions of 311, 313, 294, and 323 to the Declaration of Jonathan M. James in Support of
19 TriQuint's Opposition to Avago's Motion for Summary Judgment (Doc. 349) ("James
20 Opposition Declaration"), and (5) Exhibits 20, 33, 175, 198, 142, 149, 180, 189, 190, 192,
21 195, 200, 201, and 193 to Avago's Statement of Undisputed Material Facts (Doc. 312).

22     Avago has identified four categories of information that it seeks to seal: (1) business
23 decision-making information, including pricing information and customer names, (2)
24 acquisition of assets from Infineon, (3) trade secrets, including filter design layouts, GDS
25 layer information, wireframe GDS images, and manufacturing processes, and (4) licensing
26 agreements.

27     Avago has again diligently redacted it exhibits and only requests that the Court seal
28

- 7 -

1  the information it considers to be the most sensitive.  This Court has previously held that
2  disclosing certain customer and pricing information, certain licensing information, and trade
3  secrets, such as the filter design layouts, GDS layer information, wireframe GDS images,
4  and manufacturing processes could harm Avago's competitive standing.  Because only a
5  relatively small portion of information will be withheld from the public and Avago could
6  suffer harm from the disclosure of this information, the Court finds that Avago has shown
7  compelling reasons to seal this information.  Accordingly, Avago's Second Motion to Seal
8  (Doc. 388) is granted.

**D.    TriQuint's Supplemental Motion to Seal Certain Items in Parties' Motions for and Oppositions to Summary Judgment (Doc. 389) ("TriQuint's Second Motion to Seal")**

In its Second Motion to Seal, TriQuint has identified thirteen categories of information that it seeks to seal: (1) customer information, (2) sales information, (3) pricing information, (4) business strategies, (5) market analysis, (6) corporate acquisitions, (7) trade secrets, including development of new products and technology, (8) capital expenditures and development costs, (9) manufacturing capacity, inventory, and yields, (10) investment information, (11) profit margins, (12) organizational charts, and (13) employee information.

TriQuint has again diligently redacted each of the exhibits it seeks to have sealed, limiting its redactions to only that information it considers to be the most sensitive.  Further, TriQuint has specifically identified the information it seeks to redact, has individually identified such information in each document, and has provided the Court with full explanations as to why that information should be sealed.  The Court will briefly discuss each category of information that TriQuint seeks to have sealed.

In its Second Motion to Seal, TriQuint offers the same reasons to seal information regarding sales, market analysis, corporate acquisitions, capital expenditures and development costs, trade secrets, and manufacturing capacity that it offered in its First Motion to Seal, discussed above.  For the same reasons discussed above, the Court finds that TriQuint has limited its redactions to only that information that, if disclosed, could harm its

competitive standing. Further, for the reasons discussed in this Court's Orders regarding prior motions to seal, the Court finds that TriQuint has shown compelling reasons to seal certain confidential information regarding its employees. Additionally, TriQuint asserts that one exhibit contains two lines of attorney-client privileged information. The Court agrees that such information is properly redacted. Accordingly, the Court finds that TriQuint has shown compelling reasons to seal information regarding volume of sales, market analysis, corporate acquisitions, capital expenditures and development costs, trade secrets, manufacturing capacity, confidential employee records, and information that is attorney-client privileged.

### 1. Customer Information

TriQuint further seeks to protect information regarding its customers from public disclosure. This information includes internal strategy regarding how best to win sales at specific customers, how to address customer concerns, which products individual customers are interested in, identifying information about customers, negotiations with customers, and how to manage specific customer relationships. TriQuint contends that, if this information were disclosed to the public, it would offer competitors valuable insight into its customer relationships and negotiations and would allow competitors to copy its successful strategies or to capitalize on its weak areas in order to compete with it. Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal certain information regarding its customers from disclosure.

### 2. Pricing Information

TriQuint seeks redaction of information regarding its product-specific pricing, target prices, price proposals, and price forecasts. TriQuint argues that disclosure of its pricing information would harm its competitive standing because it negotiates product-specific pricing directly with customers and disclosure of such information would harm TriQuint's bargaining position and would give competitors the ability to directly undercut TriQuint and

unfairly win additional business.  Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal certain information regarding its pricing from disclosure.

### 3. Business Strategy Information

TriQuint seeks redaction of information regarding its business strategy with regard to its corporate direction, the development of certain products, product sourcing, product competitiveness, and market and technological opportunities and risks.  TriQuint argues that disclosure of this information could harm its competitive standing because competitors could then use those strategies to target certain areas of TriQuint's operations and, thus, could compete against TriQuint more effectively and significantly harm TriQuint's business.  Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal certain information regarding its business strategy from disclosure.

### 4. Investment Information

TriQuint seeks redaction of data regarding the performance and terms of its specific investments, including financial strategies and returns.  TriQuint argues that disclosure of this information could harm its competitive standing and is entirely unrelated to the underlying case.  Where information is entirely unrelated to the underlying cause of action, the public need is lessened.  Accordingly, because there is a risk of harm to TriQuint's competitive standing if its investment information is disclosed, the Court finds that TriQuint has shown compelling reasons to seal this information.

### 5. Profit Margin Information

TriQuint seeks redaction of confidential information regarding its profit margins for specific products. TriQuint argues that, because disclosure of margin information provides insight into manufacturing costs and is a key factor in determining pricing, its competitors

- 10 -

would be able to compete with it more effectively by undercutting TriQuint's pricing and compromising TriQuint's ability to negotiate and maximize its revenues. Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal certain information regarding its profit margins from disclosure.

### 6.     Disclosure of Organizational Charts

Finally, TriQuint seeks redaction of certain organizational charts for various internal management, sales, and engineering employees and groups within TriQuint. TriQuint argues that allowing competitors to access information regarding its internal management structure, human resource allocation, and human resource capacity would harm its business relations by allowing competitors to estimate the resources TriQuint has committed to particular projects and would disadvantage it in future negotiations. Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal certain information regarding its organizational charts from disclosure.

### 7.     Motion to Seal Notice of Errata

Additionally, TriQuint has filed a Notice of Errata (Doc. 394), which adds pages to exhibits attached to the James Opposition Declaration. TriQuint requests that the Court allow redactions to the additional pages in Exhibits 137 and renews its original requests to allow redactions to Exhibits 146 and 147. The exhibits contain redactions to the same corporate acquisition and business strategy information discussed above. Accordingly, the Court finds that TriQuint has show compelling reasons to seal the exhibits attached to its Notice of Errata. Therefore, TriQuint's Second Motion to Seal (Doc. 389) and TriQuint's Motion to Seal Certain Items in its Notice of Errata (Doc. 405; Doc. 393-Notice) are granted.

Based on the foregoing,

- 11 -

1 **IT IS ORDERED** that TriQuint's First Motion to Seal (Doc. 381; 370-Notice) is
2 granted.

3 **IT IS FURTHER ORDERED** that Avago's First Motion to Seal (Doc. 380; 365-
4 Notice) is granted.

5 The Clerk of the Court shall file <u>under seal</u> (1) the original unredacted versions of
6 TriQuint's Reply in Support of its Motion for Partial Summary Judgment (currently lodged
7 at Doc. 371) and (2) Defendants and Counterclaim Plaintiffs' Reply in Support of their
8 Motion for Summary Judgment (currently lodged at Doc. 407).

9 **IT IS FURTHER ORDERED** that TriQuint's Motion to Seal and Notice of Lodging
10 under Seal (Doc. 397) is granted.

11 The Clerk of the Court shall file <u>under seal</u> the original unredacted versions of
12 TriQuint's Opposition to Avago's Motion for Spoliation Sanctions  (currently lodged at
13 Doc. 398).

14 **IT IS FURTHER ORDERED** that Avago's Motion to Seal and Notice of Lodging
15 Under Seal (Doc. 400) is granted.

16 The Clerk of the Court shall file <u>under seal</u> the original unredacted versions of
17 Proposed Exhibits A-M to the Declaration of Eric B. Evans (currently lodged at Doc. 401).

18 **IT IS FURTHER ORDERED** that Avago's Second Motion to Seal (Doc. 388) is
19 granted.

20 **IT IS FURTHER ORDERED** that TriQuint's Second Motion to Seal (Doc. 389) is
21 granted.

22 The Clerk of the Court shall file <u>under seal</u> the original unredacted versions of (1)
23 TriQuint's Motion for Partial Summary Judgment (currently lodged at Doc. 304), (2)
24 TriQuint's Statement of Material Facts Relating to its Motion for Partial Summary Judgment
25 (currently lodged at Doc. 305), (3) Proposed Declaration of Jonathan M. James in Support
26 of TriQuint's Motions for Summary Judgment (currently lodged at Doc. 306); (4) Avago's
27 Rule 56.1 Controverting Statement of Facts and Additional Statement of Facts in Support
28

of Response to TriQuint's Statement of Material Facts (currently lodged at Doc. 350); (5) Proposed Declaration of Jonathan M. James in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment with Exhibits (currently lodged at Doc. 349); (6) Avago's Motion for Summary Judgment (currently lodged at Doc. 312); (7) TriQuint's Opposition to Avago's Motion for Summary Judgment (currently lodged at Doc. 344); (8) Declaration of Debbie Burke in Support of TriQuint's Opposition to Avago's Motion for Summary Judgment (currently lodged at Doc. 346); (9) TriQuint's Responsive and Additional Statement of Material Facts in Opposition to Avago's Motion for Summary Judgment (currently lodged at Doc. 348); (10) Avago's Response to TriQuint's Motion for Partial Summary Judgment (currently lodged at Doc. 347); (11) Declaration of Lueder Elbrecht in Support of Avago's Response to TriQuint's Motion for Summary Judgment (currently lodged at Doc. 351); (12) Declaration of Paul Muralt in Support of Avago's Response to TriQuint's Motion for Partial Summary Judgment (currently lodged at Doc. 352); (13) Declaration of R.F. Milsom, Ph.D. in Support of Avago's Response to TriQuint's Motion for Partial Summary Judgment (currently lodged at Doc. 353); and (14) Proposed Declaration of Roger T. Howe, Ph.D. in Support of Avago's Response to TriQuint's Motion for Partial Summary Judgment (currently lodged at Doc. 354).

**IT IS FURTHER ORDERED** that TriQuint's Motion to Seal to Certain Items in its Notice of Errata (Doc. 405; Doc. 393-Notice) is granted.

The Clerk of the Court shall file <u>under seal</u> the original unredacted versions of the Proposed Declaration of David J. Palmer in Support of TriQuint's Notice of Errata (currently lodged at Doc. 396).

**IT IS FURTHER ORDERED** that, in accordance with the Parties' withdrawal of confidentiality designations of certain documents, and to the extent this Order requires, the Parties shall file updated redacted public versions of all Motions and related documents that are subjects of this Order.

The Court notes that Avago filed a Notice of Motion to Seal the Lodged Proposed

1. Version of its Motion to Preclude Argument that TriQuint and Dr. Aigner Did Not Have
2. Notice and Knowledge of Potential Litigation When TriQuint Destroyed Evidence and
3. Motion for Expedited Consideration (Doc. 373-Notice) on October 4, 2011.  The Court is
4. unable to locate a copy of the Motion to Seal that should have been filed within twenty-one
5. days of the filing of the Motion to Preclude (Doc. 374), which was filed on October 4, 2011.
6.     Accordingly, **IT IS FURTHER ORDERED** that Avago shall file a Motion to Seal[2]
7. Doc. 374 within five days of the date of this Order.  If Avago does not file a Motion to Seal
8. Doc. 374 within five days of the date of this Order, the Notice of the Motion to Seal (Doc.
9. 373) will be denied with prejudice.[3]
10.     DATED this 12th day of December, 2011.

                        James A. Teilborg
                        United States District Judge

---

[2] This Motion to Seal should provide the Court with compelling reasons why carefully redacted portions of information should be sealed.

[3] The Court will not grant any further extensions to either Party to file Motions to Seal.  If the Parties do not timely file Motions to Seal in the future, the Court will order the documents to be filed unsealed without further notice.