**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TriQuint Semiconductor, Inc., | ) | CV-09-1531-PHX-JAT |
| Plaintiff(s), | ) | |
| v. | ) | **ORDER** |
| Avago Technologies Limited, et al., | ) | |
| Defendant(s). | ) | |

Pending before the Court are Plaintiff and Counterclaim Defendant TriQuint Semiconductor, Inc.'s ("TriQuint") Motion to Seal Certain Items in the Transcript of Proceedings Held on 01/30/2012 Before Judge James A. Teilborg (Doc. 456), Defendants and Counterclaim Plaintiffs Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP Pte., Ltd.'s ("Avago") Motion to Seal Certain Items in the Transcript of Proceedings Held on January 30, 2012 Before Judge James A. Teilborg (Doc. 460), the parties' Joint Submission of Avago's Proposed Redactions of Summary Judgment Order (Doc. 464), Avago's Motion to Lodge Under Seal Documents Related to Their Motion for Reconsideration (Doc. 467), and Avago's Supplemental Motion to Seal Certain Items Containing Avago Confidential Information Earlier Designated Confidential by TriQuint Filed in Conjunction with TriQuint's Summary Judgment Briefing, and Certain Items in the Lodged Proposed Versions of Avago's Summary Judgment Briefing (Doc. 471). The Court now rules on the Motions.

## I. ANALYSIS

### A. Legal Standard for Sealing Court Documents

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Though access to judicial records is not absolute, a strong presumption of access exists for records not traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, a party seeking to seal a judicial record must meet a "compelling reasons" standard. That is, "the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotations and brackets omitted). Further, the "compelling reasons" standard must be met for any attachments to a dispositive motion regardless of whether those attachments were previously filed under seal or protective order. *Id.* at 1179. When determining whether this standard is met, it is a court's duty to "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (internal quotations and brackets omitted). "[I]f the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

### B. The Electronic Transcripts Policy

On January 7, 2008, the District of Arizona issued a Notice to Members of the Bar regarding "Electronic Availability of Transcripts of Proceedings Before U.S. District and Magistrate Judges" ("the January 7, 2008 Notice"). *See* http://www.azd.uscourts.gov/ azd/cm-ecf.nsf/docview/files/$file/electronic+availability+of+transcripts.pdf. The January 7, 2008 Notice sets forth a policy stating that "[e]lectronic transcripts, once ordered and when produced by the Court Reporter/ECRO, will be e-filed and available for viewing at the Clerk's Office public terminal, but may NOT be copied nor reproduced by the Clerk's Office for a period of 90 days." *Id.* However, those restrictions are to be removed after the 90 day

1 period so long as there are no redactions to be made to the transcripts. *Id.*

2 The policy further "establishes a procedure for counsel to request the redaction from 3 [a] transcript of specific personal data identifiers before the transcript is made electronically 4 available to the general public." *Id.* Under that procedure, a request for redaction using a 5 "Redaction Request Re Transcript" must be made with 21 days from the e-filing of the 6 transcript to redact the following types of information in civil cases: names of minors, 7 financial account numbers, Social Security numbers, and dates of birth. *Id.* For information 8 that does not fall into one of the enumerated categories, the January 7, 2008 Notice provides 9 the following:

> 10 If a party wants to redact other information, that party must move the Court for further redaction by separate motion served on all parties and the Court
> 11 Reporter/ECRO within the 21-day period. The transcript will not be electronically available until the Court has ruled on any such motion even
> 12 though the 90-day restriction period may have ended.

13 *Id.*

14 **C.     Sealing Portions of a Transcript of a Proceeding Held in Open Court**

15 TriQuint and Avago have each separately moved to seal portions of the transcript of 16 the oral argument hearing held on January 30, 2012. Each party proposes a different set of 17 redactions, including information identified by the parties to be customer names, content of 18 personnel records, trade secrets and "extremely sensitive confidential business information." 19 Doc. 456 at 2-3; Doc. 460 at 1-2. TriQuint has opposed some of Avago's proposed 20 redactions, while TriQuint's proposed redactions are unopposed by Avago. Further, to 21 support their motions, the parties rely on both the *Kamakana* standard and the policy in the 22 January 7, 2008 Notice.

23 First, the Court notes that the parties' requests are somewhat unusual in that they are 24 seeking to seal portions of a transcript from a proceeding held in open court. Indeed, the oral 25 arguments on summary judgment lasted for more than four hours in a public courtroom. 26 Members of the public were free to observe all or any part of the proceedings, and there is 27 no indication that members of the public were not present at the proceedings. Thus, it cannot 28 be said that the parties are seeking to *retain* the secrecy of any of the information disclosed

1 in the transcripts, for this information has already entered the public domain. There is thus
2 an inherent logical dilemma underlying the parties' requests because information that has
3 already entered the public domain cannot in any meaningful way be later removed from the
4 public domain. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004)
5 (noting that "[o]nce [information] is public, it necessarily remains public" and further stating
6 that "[o]nce the cat is out of the bag, the ball game is over") (quoting *Calabrian Co. v.*
7 *Bangkok Bank Ltd.*, 55 F.R.D. 82 (S.D.N.Y. 1972)).

8      At least one other court has noted a general prohibition against this type of "ex-post
9 facto" sealing. *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, Civil Action Nos. 08-1331 (DMC), 08-
10 2137 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Ex-post facto sealing should
11 not generally be permitted." (citing *Gambale*, 377 F.3d at 144)). In the *Pfizer* case, the
12 plaintiffs sought to redact portions of a transcript of a hearing conducted in open court.
13 *Pfizer*, 2010 WL 2710566, at *1. Those plaintiffs were seeking to redact and seal
14 information that they deemed to be confidential and that could lose its value if the parties'
15 competitors had access to it. *Id.* at *3. To support their motion for redaction, the plaintiffs
16 in *Pfizer* relied on the District of New Jersey's electronic transcripts policy, *id.* at *2, which
17 is very similar to this District's policy in the January 7, 2008 Notice.

18      The *Pfizer* Court denied the party's motion, finding that the electronic transcripts
19 policy did not apply to the type of "after-the-fact redaction" that the party in that case was
20 seeking. *Id.* at *3. Instead, the Court found that the policy was "primarily, if not exclusively,
21 concerned with the protection of personal identifiers." *Id.* Thus, "seeking to redact countless
22 pages of, at most, borderline confidential material [did] not seem to be what was intended"
23 by the policy. *Id.* at *4 Moreover, the Court disapproved of the party's "backdoor attempt
24 to 'seal the courtroom'" on policy grounds, stating that "[o]nce a hearing is conducted in
25 open court, information placed on the record is just that: information that is *on the record*."
26 *Id.* at *4 (internal citation omitted) (emphasis in original). The court concluded that except
27 in extraordinary circumstances, "the onus is on the parties to request sealing of the courtroom
28 *prior* to a hearing that will involve the discussion of allegedly confidential information." *Id.*

1  (emphasis in original).  Finally, apart from the problem of the timing of the party's request
2  for redactions, the *Pfizer* court also concluded that "the requests to seal . . . are overbroad and
3  only supported by general allegations of harm."  *Id.* at *5.

4        Of course, this Court recognizes that the retroactive redaction of sensitive information
5  from a transcript of a proceeding held in open court is necessary in some cases.  As described
6  above, the January 7, 2008 Notice expressly contemplates such after-the-fact redaction of
7  limited types of personal identifiers.  However, it is essential to note that the policy in the
8  January 7, 2008 Notice should not be viewed as an invitation for retroactive redaction of any
9  portion of a transcript to which a party wishes to limit public access.  Instead, the policy
10 clearly imposes a duty on litigants to redact specific personal information that the Court does
11 not want to remain in public court records: "**Counsel are strongly urged to share this**
12 **Notice with all clients** . . . . **The responsibility for redacting personal identifiers rests**
13 **solely with counsel and the parties.  The Clerk and Court Reporter/ECRO will not**
14 **review each transcript for compliance with the rule.**"  January 7, 2008 Notice (emphasis
15 in original).  Furthermore, "[a] party is only responsible for reviewing and indicating the
16 redactions in the testimony of the witnesses it called and its own statements (e.g. opening and
17 closing arguments), statements of the party, and any transcript of the sentencing proceeding."
18 *Id.*  This policy for transcript redactions thus mirrors the "redaction requirement" in Federal
19 Rule of Civil Procedure 5.2, which governs the redaction or modification of personal
20 identifiers in electronic or paper filings.

21       Moreover, implicit in the January 7, 2008 Notice's imposition of a duty on the
22 litigants to review and redact transcripts is the notion that those litigants who carefully
23 prepare before a proceeding to avoid the use of any personal identifiers in open court, and
24 are able to avoid such use, will not then need to request redactions later (though they will
25 remain obligated to review the transcript for compliance).  Alternatively, when appropriate
26 a party may seek before the hearing to have the entire transcript sealed.  Obviously, these
27 alternatives, if available, are the most desirable because they prevent sensitive information
28 from ever reaching the public domain through a statement made during a proceeding in open

1 court. Nevertheless, the policy in the January 7, 2008 Notice exists to ensure that when these 2 alternatives are not available, any public dissemination of the specific types of sensitive 3 information listed in the January 7, 2008 Notice arising from a court proceeding is as limited 4 as possible.

5 Furthermore, though the January 7, 2008 Notice also describes a procedure for a party 6 "to redact other information" than those types specifically listed, this again should not be 7 interpreted as an invitation to retroactively redact any information a party wishes to remove 8 from a transcript. Rather, in keeping with the general theme of the January 7, 2008 Notice, 9 this alternate procedure should be interpreted to refer to other types of "personal identifiers" 10 that are not listed and instead must be evaluated on a case-by-case basis. That is, the January 11 7, 2008 Notice allows redactions of the five types of personal identifiers listed therein to be 12 made without the express approval of the Court; any other types of personal identifiers that 13 a party believes to fall under the policy may also be redacted, but only with the Court's 14 express approval. Thus, a motion seeking the Court's approval is required. There is no 15 indication, however, that the policy anticipates or approves of, explicitly or implicitly, the 16 after-the-fact redaction of any types of information falling outside of the realm of "personal 17 identifiers."

18 Additionally, in limited instances, after-the-fact redaction of information other than 19 "personal identifiers" from transcripts of public court proceedings may also be desirable. For 20 example, a witness giving testimony at an open proceeding may unexpectedly blurt out 21 information that is highly sensitive and confidential, leaving a party no method to limit any 22 harm that may result from the disclosure other than seeking redaction of the injurious portion 23 of the transcript. Such a situation occurred in the case of *In re Trust for Gore*, C.A. No. 24 1165-VCN, 2010 WL 5644675, at *2-*3 (Del. Ch. 2010), where the court permitted 25 redaction of a witness's inadvertent statements made at a public hearing. Notably, however, 26 in *Trust for Gore*, the court did not just grant the moving party's request to redact the 27 transcript based on the inadvertency of the witness's statements alone; rather, that court 28 weighed the competing interests involved to conclude that "an inadvertent slip of the tongue

- 6 -

1   should not undo" a party's efforts to maintain the confidentiality of nonpublic information.
2   *Trust for Gore*, 2010 WL 5644675, at *2. Thus, it was also relevant that the inadvertently
3   disclosed information had "no material effect on the work of the judicial system," was "not
4   important for the public's understanding of the merits of the dispute," and, because no
5   members of the public were present at the hearing, had not, "in any meaningful sense,
6   entered the public sphere." *Id.* at *2-*3.

7   Here, the parties' requested redactions do not include any personal identifiers; the
8   transcript certainly does not include any minors' names, financial account numbers, social
9   security numbers, or dates of birth. Moreover, none of the information that the parties seek
10  to redact could otherwise reasonably be construed to fall under the umbrella of "personal
11  identifiers." The most similar would be the information related to personnel files. However,
12  upon reviewing those portions of the transcript identified by TriQuint as including
13  confidential personnel information, the Court has determined that no personal identifiers are
14  included. Thus, the Court concludes that the policy in the January 7, 2008 Notice does not
15  apply to the parties' motions to seal, nor does it provide any basis for assuming that the
16  parties' requested redactions are necessary or even permissible.

17  Similarly, the Court does not find that the requested redactions are the result of any
18  inadvertent or unexpected statements made during the parties' oral arguments at the January
19  30, 2012 proceeding. Nor has either party asserted such a basis for requesting the redactions.
20  Rather, based on the arguments made in the parties' summary judgment briefs, it is clear that
21  all of the information sought to be redacted could reasonably have been expected to be
22  discussed by either party at oral argument. Indeed, the parties have filed several motions to
23  seal in this case in which they have sought to maintain as confidential information that is
24  similar or identical to the information that is the subject of their current redaction requests.
25  However, neither party requested sealing of the proceeding before it took place nor voiced
26  any concern at the proceeding about the disclosure of any information.

27  Instead, both parties seek to rely on an after-the-fact application of the *Kamakana*
28  standard to support their requests for redactions. To support their reliance on *Kamakana*,

both parties cite to the case of *Richardson v. Mylan Inc.*, No. 09-CV-1041-JM (WVG), 2011 WL 837148 (S.D. Cal. Mar. 9, 2011). In that case, the court permitted sealing of portions of a transcript of a trial held in open court. *Id.* at *3. Specifically, the parties in *Richardson* sought to redact portions of witnesses' testimony that referenced what the litigant deemed to be "commercially sensitive information." *Id.* at *2. Applying the *Kamakana* standard, the Court determined the following:

> The testimony in question does appear to contain certain proprietary information that, if revealed to Defendants' competitors, could have serious consequences for Defendants' business. Moreover, as Defendants have convincingly argued, the information at issue is of comparatively little value to the general public in terms of enhancing its 'understanding of the judicial process'; because Defendants seek to seal relatively small portions of the overall trial transcript, and because those portions do not include any information vital to understanding the nature of the underlying proceedings, Defendants' private interests clearly outweigh the public's interest in disclosure.

*Id.* The court further stated that its decision did not at all depend on the fact that exhibits referenced by the witnesses at trial had previously been sealed pursuant to the stipulation of the parties. *Id.* at *2 n.1. Thus, the court concluded that the defendants in *Richardson* had "met their burden and proven that a court order sealing the transcripts in question is appropriate." *Id.* at *2. However, that court did not express or discuss any concerns about redacting information that had already been made public. Nor did that court discuss whether the witnesses' disclosures at trial were unexpected or inadvertent or whether the parties in that case could have taken action prior to trial to limit or prevent the public disclosure of the information.

With respect to this case, the Court does not find that the *Richardson* decision is of any help to the parties. The *Richardson* court found that the parties in that case had "convincingly argued" that their redaction requests met the *Kamakana* standard. *Richardson*, 2011 WL 837148, at *2. Here, on the other hand, both parties offer no more than citations to previous orders by this Court granting motions to seal in this case and "conclusory statements" regarding the need to redact portions of the transcript. *See Kamakana*, 447 F.3d at 1182. This Court has explained that the "compelling reasons" standard must be met each

1  time a party seeks to seal information in a court record, regardless of whether the Court has
2  previously allowed the same or similar information to be filed under seal. Doc. 391 at 2; *see*
3  *also Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the
4  dispositive motion, or its attachments, were previously filed under seal or protective order.").
5  Moreover, to meet the "compelling reasons" standard, the parties need to provide "articulable
6  facts" on which the Court could base a decision to seal portions of the record. *See*
7  *Kamakana*, 447 F.3d at 1181. Thus, even if the parties were not seeking after-the-fact
8  redactions, their requests for redacting portions of the transcripts would be insufficient.

For example, with regard to its request to seal customer names, TriQuint merely refers to this Court's prior ruling that allowed TriQuint to redact customer names in the parties' filings related to their motions for summary judgment. Doc. 456 at 5 (quoting doc. 378 at 4). Similarly, to support its request to redact personnel records, TriQuint again refers to this Court's prior order, as well as to other cases in which such redactions were allowed. Doc. 456 at 5-6. TriQuint does not, however, provide any specific facts as to how the use of this information, as it appears in the transcript at issue, might "become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179 (internal citation omitted). Rather, the Court would have to improperly rely on "hypothesis or conjecture" to conclude that the requested redactions should be allowed. *See id.*

Avago's requests for redactions are similarly deficient. With regard to both the information alleged to be trade secrets and the information alleged to be "extremely sensitive confidential business information" ("the Sealed Information"), Avago merely states that

> [p]ublic release of the Sealed Information such as highly confidential details of Avago's financial and business operations, including product pricing, details of novel Avago TX (transmitter) filter design layouts, GDS layer information, and wireframe GDS images, among other unique and confidential details of Avago products. This information is kept within Avago as highly confidential information and is disclosed only with appropriate precausions.

Doc. 460 at 3. The remainder of Avago's argument consists of references to this Courts prior orders ruling on motions to seal, in addition to general statements and quotations from cases that recite the standard for sealing judicial records. *Id.* at 3-4. Again, this falls far short of

- 9 -

1 constituting "compelling reasons" sufficient to overcome a presumption of public access.

2 Putting aside the substantive problems of the parties' arguments, however, the Court is troubled by their after-the-fact reliance on *Kamakana*. As noted above, the information sought to be redacted has already been disclosed at a public court proceeding. It would therefore seem that, contrary to the basis for the standard in *Kamakana*, there is no longer a favorable *presumption* of public access; rather, there *is* public access. *See Kamakana*, 447 F.3d at 1178 (describing the "strong presumption in favor access" as the "starting point" for a court to determine whether a judicial record may properly be sealed). At that point, whatever interests the party seeking to seal court records may have at one time claimed in maintaining the confidentiality of the information disclosed in open court would appear to have already given way to the public's "interest of understanding the judicial process." *Id.* at 1179 (internal quotations omitted). There are then no competing interests remaining for a court to "conscientiously balance" and thus no longer any use for "compelling reasons" that would otherwise be offered to "outweigh the public's interest in disclosure." *Id.* Indeed, the parties did not cite to, nor has the Court found, any language in *Kamakana* that references the sealing of information that has already been disclosed at a public proceeding. Thus, absent any extraordinary circumstances, such as, for example, the unexpected and inadvertent disclosures in *Trust for Gore*, the Court will not apply the *Kamakana* standard to redact from a transcript information that was publicly disclosed in an open courtroom.

In sum, the Court will deny the parties' "backdoor attempt[s] to 'seal the courtroom.'" *Pfizer*, 2010 WL 2710566, at *4. The parties' reliance on the January 7, 2008 Notice is clearly misplaced. Further, neither party made any request prior to the proceeding to restrict public access to the proceeding. Nor did the parties take any steps to limit or object to the public disclosure of this information at the proceeding. Thus, the parties have already voluntarily "let the cat out of the bag," and this Court is unwilling, let alone able, to undo what is already done. *See Gambale*, 377 F.3d at 144 ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus

1 become public private again."). The information disclosed at oral argument on January 30,
2 2012 became public when the parties placed it on the record in open court, and it will remain
3 public. The parties requests to redact the transcript are denied.

### D.     Avago's Proposed Redactions of the Summary Judgment Order

On February 24, 2012, this Court issued under seal an order ruling on the parties' cross-motions for summary judgment and further instructed the parties to jointly redact the portions of the order they deemed confidential. Though TriQuint did not propose any redactions, it did oppose several of the redactions proposed by Avago. Doc. 464. The Court will therefore review Avago's proposed redactions under the *Kamakana* standard to determine whether they are appropriate.

Avago's proposed redactions are all related to the Court's analysis of Avago's motion for summary judgment of non-infringement of U.S. Patent No. 5,894,647 ("the '647 patent"). Specifically, Avago argues that the "proposed redactions on pages 51-56 relate to technical details of Avago's bulk acoustic wave resonators, specifically the configuration of layer thicknesses in those resonators. The Order summarizes information regarding the configuration of these products that would allow Avago's competitors to discern aspects of their structure that Avago has kept as trade secrets." Doc. 464 at 1. The remainder of Avago's argument for sealing is simply directed to the sealing of trade secrets in general. TriQuint opposes some of the proposed redactions because they "contain either descriptions of what is contained in a public document, the '647 patent, or contain information that was discussed in open court, and which Avago did not seek to redact from the hearing transcript, after recently reviewing it." Doc. 464 at 2-3.

Indeed, some of the proposed redactions include quoted text from the '647 patent, while others clearly disclose information that is similar or identical to information Avago publicly disclosed at oral argument. Because, as discussed above, the Court is unwilling to seal information that has already been publicly disclosed absent extraordinary circumstances, these proposed redactions are not appropriate.

Moreover, the Court does not find that Avago has provided compelling reasons for

- 11 -

1 any of its proposed redactions. As is noted above, *Kamakana* imposes a high standard for
2 sealing records at the summary judgment stage. *Kamakana*, 447 F.3d at 1179 ("[T]he
3 resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart
4 of the interest in ensuring the public's understanding of the judicial process and of significant
5 public events." (internal quotations omitted)). Thus, a party seeking to seal a judicial record
6 must provide compelling reasons to overcome the "strong presumption" of public access.
7 *Id.* at 1178-79. Here, however, Avago has done no more than merely highlight portions of
8 the text in the Summary Judgment Order and conclusively state that those portions of the text
9 refer to valuable trade secrets that would harm Avago if disclosed. Even if the Court were
10 inclined to accept these conclusory assertions as "compelling reasons," there is not sufficient
11 "factual basis" on which the Court could articulate its ruling "without relying on hypothesis
12 or conjecture." *See Kamakana*, 447 F.3d at 1179. Thus, Avago has not overcome the
13 presumption of public access, and the Court will not permit any of Avago's proposed
14 redactions.

### E. Avago's Motion to Seal Exhibits to its Motion for Reconsideration

16 In conjunction with the filing of its motion for reconsideration (Doc. 466), Avago also
17 filed a motion to lodge under seal documents related to that motion (Doc. 467). Avago's
18 filing of the motion to lodge documents under seal effectively served as notice to TriQuint
19 that Avago intended to file documents that TriQuint had previously designated as "Highly
20 Confidential–Outside Counsel Only." First, the Court notes that the motion for
21 reconsideration of the Court's Summary Judgment Order was undeniably a dispositive
22 motion. Second, in accordance with this Court's Order Regarding Protocol for Filing of
23 Materials Related to Dispositive Motions Under Seal (Doc. 300), TriQuint, as the designating
24 party, had 21 days in which to either remove the confidential designation or provide
25 compelling reasons for filing the documents under seal. However, TriQuint did not provide
26 any response within the 21-day period, nor did it address these documents in its response to
27 Avago's motion for reconsideration. Accordingly, the Court will order the Clerk to file and
28 unseal the lodged exhibits.

### F. Avago's Motion to Seal Certain Items Filed in Conjunction with the Summary Judgment Briefing

Avago has also filed a motion to seal various exhibits to the parties' summary judgment briefs for which TriQuint has previously removed its confidential designations, in addition to other documents filed by the parties with the summary judgment briefs (Doc. 471). As discussed above, this Court's Order Regarding Protocol for Filing of Materials Related to Dispositive Motions Under Seal (Doc. 300) requires that motions to seal related to dispositive motions, including responses and replies to those dispositive motions, must be filed within 21 days of the filing of the dispositive motion. Avago is now seeking to seal documents filed several months earlier with dispositive motions. Further, TriQuint removed its confidentiality designations for the relevant exhibits on August 23, 2011 (Doc. 326), September 29, 2011 (Doc. 364), and October 21, 2011 (Doc. 381). Thus, Avago is well beyond the deadline set forth in the Court's Protocol Order or any other reasonable time frame for moving to seal these documents, particularly considering that the Court has already ruled on the motions for summary judgment. Moreover, the Court previously made clear that it would "not grant any further extensions to either Party to file Motions to Seal." Doc. 410 at 14 n.3. The Court further stated that "[i]f the Parties do not timely file Motions to Seal in the future, the Court will order the documents to be filed unsealed without further notice." *Id.* Thus, the Court will deny Avago's untimely motion.[1]

### G. Public Versions of the Parties' Filings in the Docket

The Court has reviewed the docket in this case and has become concerned about both the organization of the docket and the parties' compliance with the Court's orders regarding

---

[1] The Court also notes that the majority of the "compelling reasons" that Avago offers in its motion to seal are no more than a list of conclusory assertions that various information constitutes trade secrets or other sensitive business information and that the disclosure of such information would be harmful to Avago. Doc. 471 at 3-10. As previously described, such conclusory assertions are not sufficient to overcome the strong presumption of public access because they do not provide the Court with sufficient factual basis on which it can articulate a decision to seal court records. *See Kamakana*, 447 F.3d at 1179, 1182.

- 13 -

the sealing of records in this case. The Court has noted a difficulty in locating in the docket the public versions of many documents, including those for which the parties' motions to seal were denied or which the parties never moved to seal. Notably, there appear to be several documents that were lodged under seal and simultaneously filed with redactions that the parties did not either withdraw their confidentiality designations or move to seal in accordance with the Court's Protocol Order (Doc. 300).[2] The Protocol Order does not specifically address the situation where a party neither files a withdrawal notice nor a motion to seal with regard to an exhibit lodged under seal and filed publicly with proposed redactions. However, pursuant to both the Protocol Order and Local Rule 5.6, the exhibit cannot remain sealed without an order from this Court. Nor could the parties move to seal these documents beyond the 21-day period specified in the Protocol Order. Moreover, because this Court has already ruled on the motions for summary judgment, it is far too late for the parties to attempt to withdraw these filings. Thus, public versions of these documents and all other documents that the Court has not specifically discussed and allowed to be sealed must be filed.

Accordingly, to ensure compliance with the Court's sealing orders and to better organize the docket, the Court hereby orders the parties to file public versions of all of the documents related to the motions for summary judgment and spoliation sanctions ruled on

---

[2] As an example, the Court notes that Exhibit 10 to Avago's motion for summary judgment was originally lodged under seal (Doc. 312-4) and simultaneously filed unsealed but fully redacted (Doc. 313-2). Relating to that motion and in accordance with the Court's Protocol Order (Doc. 300), Avago subsequently filed both a motion to seal certain exhibits and a notice of withdrawal of the confidentiality designations of other exhibits (Doc. 325). However, the Court has not located either a timely withdrawal notice or a timely motion to seal with respect to Exhibit 10. Furthermore, the Court has not previously issued an order authorizing either party to seal any portion of Exhibit 10, and has in this Order denied Avago's request to seal portions of Exhibit 10. Thus, an unredacted public version of Exhibit 10 must be filed in the docket. This is only intended as a single example of the types of problems that the Court has found in reviewing the docket and should not be construed by the parties as describing the full extent of the Court's concerns about the organization and completeness of the docket.

- 14 -

1  by the Court in the Summary Judgment Order (Doc. 454). This includes all motions,
2  responses, and replies, and all exhibits, declarations, statements of facts and other
3  attachments to those documents that this Court has not stricken. The parties may redact only
4  those parts of the documents that the Court has explicitly permitted to be redacted. Further,
5  immediately following any redaction within a document, the parties must specifically cite,
6  including docket numbers, page numbers, and line numbers, where the Court has allowed
7  each specific redaction. The parties may not redact any information for which they cannot
8  or do not provide such specific support, nor may the parties submit any new motions to seal
9  regarding these documents.

10  The parties shall file these public versions of the documents according to the
11  following schedule: public versions of the motions for summary judgment and spoliation
12  sanctions, and any attachments thereto, must be filed by May 2, 2012; public versions of the
13  responses to the motions for summary judgment and spoliation sanctions, and any
14  attachments thereto, must be filed by May 9, 2012; public versions of the replies to the
15  motions for summary judgment and spoliation sanctions, and any attachments thereto, must
16  be filed by May 16, 2012. In the event that either party fails to comply with this Order, the
17  Court may, at its discretion, opt to unseal any and all records in this case for which it does
18  not find sufficient reasons to deny public access.

19  **H.    Future Requests by the Parties to Seal Judicial Proceedings**

20  The Court reminds the parties that the trial will be held in open court. Thus, no
21  portion of the trial will be conducted under seal, and none of the trial transcripts or exhibits
22  will be sealed. Additionally, as the Court explained above, the parties should not expect the
23  Court to grant after-the-fact requests to redact any portions of the trial transcript, other than
24  those for "personal identifiers" as required by the January 7, 2008 Notice.

25  Further, the Court will not issue an order adopting the parties' Stipulation Regarding
26  Protocol for Filing Under Seal Materials Related to Pretrial Motions (Doc. 492). As
27  evidenced by the Court's analyses above and in previous orders, many of the parties' requests
28  for redacting or sealing court records have been insufficient for various reasons, including

untimeliness and a failure to meet the very high standard for overcoming the strong presumption of public access to judicial records. These requests have only served to needlessly occupy an inordinate amount of the Court's time and to further complicate an already complex case. Thus, in the interests of recognizing the strong presumption of public access to judicial records and promoting efficient use of judicial resources, the Court will not consider or rule on any motions, including documents attached to any motions, lodged under seal or filed unsealed with redactions.[3] Nor will the Court grant any motions to seal with respect to pretrial motions and related documents lodged under seal. In other words, the parties may not file under seal or redact their motions in limine, responses to motions in limine, the joint final pretrial order, or any attachments to those documents.

**II.     Conclusion**

Accordingly,

**IT IS ORDERED** denying TriQuint's Motion to Seal Certain Items in the Transcript of Proceedings Held on 01/30/2012 Before Judge James A. Teilborg (Doc. 456).

**IT IS FURTHER ORDERED** denying Avago's Motion to Seal Certain Items in the Transcript of Proceedings Held January 30, 2012 Before Judge James A. Teilborg (Doc. 460).

**IT IS FURTHER ORDERED** denying Avago's Motion for Proposed Redactions of the Summary Judgment Order (Doc. 464). The Clerk shall therefore unseal Doc. 454.

**IT IS FURTHER ORDERED** denying Avago's Motion to Lodge Under Seal Documents Related to Its Motion for Reconsideration (Doc. 467). The Clerk shall therefore convert Doc. 468 from lodged to filed and unseal it.

---

[3]To be clear, the Court is not instituting a global ban on lodging under seal any future filings in this case. However, to the extent that the parties' proposed protocol for filing pretrial motions (Doc. 492) indicates that the parties intend to lodge any of their pretrial motions or related documents under seal and also move this Court to permit those documents to be filed under seal, the Court must make very clear that it will not grant any such motions to seal nor will it consider or rule on any pretrial motions or related documents lodged under seal or filed with redactions.

1  **IT IS FURTHER ORDERED** denying Avago's Supplemental Motion to Seal Certain Items Containing Avago Confidential Information Earlier Designated Confidential by TriQuint Filed in Conjunction with TriQuint's Summary Judgment Briefing, and Certain Items in the Lodged Proposed Versions of Avago's Summary Judgment Briefing (Doc. 471).

**IT IS FURTHER ORDERED** that the parties shall file public versions of all required documents by the specified dates in accordance with this Order.

DATED this 25th day of April, 2012.

James A. Teilborg
United States District Judge