James A. Ryan, Esq. (SBN 009253)
  jryan@quarles.com
Krystal Aspey, Esq. (SBN 026609)
  krystal.aspey@quarles.com
Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
Telephone: (602) 229-5706
Facsimile: (602) 420-5082

Duane-David Hough (*pro hac vice*)
  dhough@mayerbrown.com
A. John P. Mancini (*pro hac vice*)
  jmancini@mayerbrown.com
Christopher J. Kelly *(pro hac vice)*
  cjkelly@mayerbrown.com
Brian W. Nolan (*pro hac vice*)
  bnolan@mayerbrown.com
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Attorneys for Defendants and
Counterclaim Plaintiffs
AVAGO TECHNOLOGIES LIMITED,
AVAGO TECHNOLOGIES U.S., INC.,
AND AVAGO TECHNOLOGIES
WIRELESS IP (SINGAPORE) PTE., LTD.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| TRIQUINT SEMICONDUCTOR, INC.,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim<br>　　　　Defendant,<br><br>　　v.<br><br>AVAGO TECHNOLOGIES LIMITED,<br>AVAGO TECHNOLOGIES U.S., INC.,<br>AND AVAGO TECHNOLOGIES<br>WIRELESS IP (SINGAPORE) PTE., LTD.,<br><br>　　　　Defendants and<br>　　　　Counterclaim Plaintiffs. | Case No. 09-cv-1531 PHX JAT<br><br>**AVAGO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS, OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS**<br><br>**(AVAGO'S MOTION IN LIMINE NO. 8)** |

AVAGO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS
OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS
CASE NO. 09-CV-1531 PHX JAT

701605043

# MOTION

Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP (Singapore) Pte., Ltd., (collectively, "Avago"), by and through their undersigned counsel, respectfully move in limine to preclude from trial any testimony or evidence regarding this Court's rulings, statements, or conclusions expressed in its February 24, 2012 Order (Doc. 454, the "February 24th Order). For the reasons set forth below, the Court should grant Avago's motion.

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

In its February 24, 2012 Order, the Court granted TriQuint's summary judgment motions with respect to Avago's trade secret misappropriation claims for layout files N0010 and N0011 and manufacturing processes, Avago's copyright and tort claims including conversion, unjust enrichment, and intentional interference, and TriQuint's motions for non-infringement of the '907 patent, the '807 patent, the '137 patent, claim 12 of the '340 patent, and claims 1-3, 6, 7, 18, 14, 16, 20, and 21 of the '637 patent ("Dismissed Claims"). Accordingly, these claims no longer form part of this action and will not be presented to the jury. The Court also found that issues of material fact remain with respect to all antitrust claims, Avago's trade secret misappropriation claims with respect to the Source Code, and patent infringement claims with respect to the '647 patent, the '5619 patent, the '922 patent, the '4619 patent, the '436 patent, the '2619 patent, and claims 1-4 and 9-10 of the '340 patent ("Remaining Claims"). Each of the Remaining Claims will be submitted to the jury, which will be tasked with acting as the finder of fact based on the evidence at trial. TriQuint should be precluded from making any references to the rulings, statements, and conclusions expressed in the Court's February 24, 2012 Order, because such references are irrelevant to the jury's determination of the Remaining Claims, and because they are likely to cause unfair prejudice to Avago, as well as to confuse the issues and mislead the jury.

AVAGO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS
CASE NO. 09-CV-1531 PHX JAT

701605043

## II. ARGUMENT

### A. References To The Court's Rulings, Statements, And Conclusions In Its February 24, 2012 Order Should Be Excluded Because They Are Not Relevant To The Jury's Determination Of The Remaining Claims

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is only relevant if it "ha[s] the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

The Court's rulings, statements, and opinions relating to the Dismissed Claims are not relevant because evidence or "discussion of dismissed claims is neither probative nor relevant to the determination [of a party's remaining claims]." *Nemir v. Mitsubishi Motors Corp.*, No. 96-75380, 2002 WL 482557, at *2 (E.D. Mich. Mar. 11, 2002) (granting motion in limine to preclude discussion of dismissed claims and allegations). Indeed, it is well-established that since issues resolved on summary judgment are not before the jury, they "ha[ve] no further purpose or place [at trial]." *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98-3852, 2002 WL 1613724, at *1 (N.D. Ill. July 17, 2002) (where a patent was found not invalid by public use on summary judgment, testimony regarding public use of that patent had "no further purpose or place" in the litigation); *see Operating Engineers Pension Trust v. A-J Const. Co., Inc.*, 881 F.2d 1084, 1084 (9th Cir. 1989) (affirming grant of motion in limine to preclude party from relitigating issue that was previously decided); *Haagensen v. Pennsylvania State Police*, No. 08-727, 2010 WL 3852371, at *2 (W.D. Pa. Sept. 27, 2010) ("evidence relating to the dismissed claims in [the] action [is irrelevant]"); *Ramirez v. United Parcel Svc.,* No. 06-1042, 2010 WL 1994800, at *2 (D.N.J. May 17, 2010) (granting motion in limine to prevent plaintiff from introducing evidence regarding previously dismissed claims); *Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01-0736, 2004 WL 1899927, at *3 (N.D. Ill. Aug. 23, 2004) ("evidence [relating to an issue already determined at summary judgment] is irrelevant and is excluded").

Because they are irrelevant, and therefore inadmissible, all references to the Court's rulings, statements, and opinions relating to the Dismissed Claims should be excluded. *See Clipco, Ltd.*, 2005 WL 2861032, at *2 (granting motion in limine to exclude reference to the court's summary judgment rulings); *Elston v. UPMC-Presbyterian Shadyside*, No. 06-329, 2008 WL 682494, at *2 (W.D. Pa. Mar. 7, 2008) (granting plaintiff's motion in limine to preclude reference to plaintiff's dismissed claims); *Gen. Citrus Int'l Inc. v. Remien*, No. 04-6402, 2009 WL 2486164, at *2-4 (N.D. Ill. Aug. 10, 2009) (granting plaintiff's motion in limine to bar defendants from relitigating issues resolved on summary judgment).

**B.     References To The Court's Rulings, Statements, And Conclusions In Its February 24, 2012 Order Should Be Excluded Because Any Probative Value They May Have Is Substantially Outweighed By The Likelihood Of Unfair Prejudice To Avago**

A district court has discretion under Federal Rule 403 to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010) (quoting Fed. R. Evid. 403).

TriQuint should be precluded from making any reference to the Court's rulings, statements and conclusions regarding the Remaining Claims because "evidence of, or reference to, the Court's summary judgment Order presents a substantial risk of jury confusion and unfair prejudice." *S.E.C. v. Retail Pro, Inc.*, No. 08-1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011) (excluding references to summary judgment order at trial); *see also Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (excluding from the jury references to the court's order denying preliminary injunction because it is "likely to unduly influence the jury"). The decision in *Hewlett-Packard Co. v. Mustek Systems, Inc.*, No. 99-351, 2001 WL 36166855 at *4 (S.D. Cal. June 11, 2001), is particularly instructive here. *Hewlett-Packard* involved a motion in limine to preclude plaintiff from referring to the court's summary judgment orders for

-3-

AVAGO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS
CASE NO. 09-CV-1531 PHX JAT

701605043

the description of the patent at issue and the areas where the Court had found infringement as a matter of law or where infringement was not contested. *Id.* The court granted the motions in limine, "excluding reference to any statement, finding, or ruling in the Court's summary judgment orders." *Id.* It further instructed that "[t]he parties shall not refer to any of the Court's prior orders or rulings." *Id.*

Following the same reasoning as the Southern District of California court in the *Hewlett-Packard* case, this court should grant Avago's motion to preclude TriQuint from making any reference to the Court's rulings, statements and conclusions regarding the Remaining Claims. *See S.E.C. v. Retail Pro, Inc.*, 2011 WL 589828, at *4 (granting motion in limine to exclude evidence regarding prior summary judgment order); *3Com Corp. v. Realtek Semiconductor Corp.*, No. 03-2177, 2008 WL 783383, at *4 (N.D. Cal. Mar. 24, 2008) (granting motion in limine "to preclude [party] from referring to or introducing evidence relating to patents and claims […] dismissed [prior to trial]").

### III. CONCLUSION

For the foregoing reasons, Avago respectfully requests that the Court enter an order precluding TriQuint from introducing any evidence or making any arguments based on any of the Court's rulings, statements, or conclusions in its February 24, 2012 Order relating to Dismissed Claims.

Dated: May 1, 2012

Respectfully submitted,

MAYER BROWN LLP
By: /s/ Duane-David Hough
   Duane-David Hough
   A. John P. Mancini
   Christopher J. Kelly
   Brian W. Nolan

*Attorneys for Defendants and Counterclaim Plaintiffs*

| | |
|---|---|
| 1 | AVAGO TECHNOLOGIES LIMITED, |
| 2 | AVAGO TECHNOLOGIES U.S., INC., AND AVAGO TECHNOLOGIES |
| 3 | WIRELESS IP (SINGAPORE) PTE., LTD. |

AVAGO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS
CASE NO. 09-CV-1531 PHX JAT

701605043

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chun M. Ng
James Sfekas
Shylah Renee Alfonso
Susan E. Foster
Perkins Coie LLP
1201 3rd Ave.
Ste 4800
Seattle, WA 98101
206-359-6488
Fax: 206-359-7488
cng@perkinscoie.com
jsfekas@perkinscoie.com
salfonso@perkinscoie.com
sfoster@perkinscoie.com

Jonathan M. James
David John Palmer
Perkins Coie LLP
PO Box 400
Phoenix, AZ 85001-0400
602-351-8488
Fax: 602-648-7036
jjames@perkinscoie.com
dpalmer@perkinscoie.com

/s/ Eric B. Evans

---

AVAGO'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY RULINGS, STATEMENTS OR CONCLUSIONS IN THE COURT'S FEBRUARY 24, 2012 ORDER RELATING TO DISMISSED CLAIMS

701605043