Jonathan M. James, Bar No. 012204
C. Mark Kittredge, Bar No. 013907
David J. Palmer, Bar No. 026077
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
jjames@perkinscoie.com
mkittredge@perkinscoie.com
dpalmer@perkinscoie.com

Susan E. Foster (*Pro Hac Vice*)
Chun M. Ng (*Pro Hac Vice*)
Shylah R. Alfonso (*Pro Hac Vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
sfoster@perkinscoie.com
cng@perkinscoie.com
salfonso@perkinscoie.com

Attorneys for Plaintiff/Counterdefendant
TriQuint Semiconductor, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation,<br><br>                    Plaintiff/Counterdefendant,<br><br>            v.<br><br>Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation,<br><br>                    Defendants/Counterclaimants. | No. 09-01531-PHX-JAT<br><br>**TRIQUINT'S MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE ABOUT TRIQUINT'S PRE-ACQUISITION CONDUCT AS A DEFENSE TO TRIQUINT'S ANTITRUST CLAIMS**<br><br>**-AND-**<br><br>**MEMORANDUM IN SUPPORT**<br><br>**[TriQuint Motion in Limine No. 9]**<br><br>**[ANTITRUST]** |

**Motion and Memorandum**

Pursuant to Fed. Rs. of Evid. 402 and 403, TriQuint moves to preclude Avago from offering evidence of TriQuint's conduct before Avago's acquisition of Infineon's BAW assets (TriQuint's "pre-acquisition conduct") or arguing that such conduct absolves Avago of antitrust liability or reduces TriQuint's recoverable damages.

**I.     INTRODUCTION.**

In an effort to escape responsibility for its illegal conduct, Avago seeks to blame TriQuint for not taking steps to preempt Avago's anticompetitive acts or to minimize the anticompetitive effects of those actions. By way of example, Avago has repeatedly alleged that TriQuint could have avoided or reduced its injury by:

- Buying the Infineon BAW line itself or by licensing its patents. [Ex. 9-A at 39 ("TriQuint Chose Not to Protect Itself," "TriQuint could have purchased Infineon's BAW business.")]

- Developing TriQuint's own BAW sooner. [Doc. 312, Ex. 142 (Dolan Reb. to Putnam) at 6 ("Had [TriQuint] been more skillful or invested more and thus been successful in the ensuing four years of effort [after 2004 and] up to the Avago acquisition, no 'acceleration' would have been necessary.")]

- Negotiating different terms of supply with Infineon that did not allow for the "End of Life" of certain BAW products. [Ex. 9-B at 233: 2-5 ("I don't believe they suffered any injury with the reference point being what they were entitled to from the contract that they negotiated with Infineon.")]

- Managing its BAW business differently. [Ex. 9-A at 30 ("Avago's conduct could not have injured TriQuint" because "[a]ny setbacks in TriQuint's BAW business were the products of TriQuint's own decisions.")]

Preemptive steps a plaintiff could have taken that would have purportedly diminished the harm caused by a defendant's anticompetitive conduct have no relevance to antitrust liability and must be excluded. Nor do the extremely burdensome and unreasonable actions proposed by Avago fit within the doctrine of mitigation such that they would have relevance for damages purposes. Allowing the jury to consider such evidence would create a requirement that companies incur substantial expense to protect themselves against hypothetical future conduct. Rather, the very purpose of the antitrust laws is to avoid such inefficiencies and instead hold parties liable for the damages that flow from their anticompetitive acts.

1  Evidence and arguments about TriQuint's pre-acquisition conduct should be
2  excluded as irrelevant under Rule 402 or as unfairly prejudicial and confusing to the jury
3  under Rule 403.

## II. ACTIONS TRIQUINT COULD HAVE TAKEN BEFORE AVAGO'S ACQUISITION OF INFINEON'S BAW ASSETS ARE IRRELEVANT TO LIABILITY AND SHOULD BE EXCLUDED.

Courts have emphatically rejected the notion that a defendant may blame its victim and defeat antitrust claims based on the victim's pre-injury actions or inaction. Thus, in *Chicago Professional Sports Ltd. Partnership v. National Basketball Ass'n*, an NBA team and a television "superstation" sued the NBA under the Sherman Act, contending that the NBA created an illegal restraint of trade by reducing the number of games that teams could sell to such stations. 754 F. Supp. 1336, 1338-39 (N.D. Ill. 1991), *aff'd*, 961 F.2d 667 (7th Cir. 1992). Just like Avago, the NBA argued that it should be absolved of antitrust liability because the plaintiffs allegedly caused their own injury through "their own failure to take advantage of reasonable business options open to them." *Id*. at 1353. Also echoing Avago's position here, the NBA contended that rather than it being responsible for creating an illegal restraint of trade, the plaintiffs were at fault because they could have avoided harm by (a) choosing not to contract with each other in the first place; (b) opting not to include an exclusivity provision in their television contract; or (c) using available technology to structure their broadcasts differently. *Id*.

The court flatly rejected NBA's argument. "That [plaintiffs] might have sidestepped that injury does not change the chain of causation—or establish that the 'fault' of the parties should be compared." *Id*. Indeed, "[p]laintiffs do not ordinarily have an obligation to change their behavior in order to escape injury from the unlawful acts of defendants; and this is not a case where assumption of risk, last one to the nuisance, nor even joint care should be the rule." *Id*. Put simply, "it is no defense that no injury would have resulted if only the contract had never been signed or if the bargain had been struck on different terms." *Id*.

The Supreme Court also has made it clear that policy considerations prevent an

-2-

1 antitrust defendant from avoiding liability based on the plaintiff's pre-injury conduct. 2 Thus, even a plaintiff's illegal acts cannot legalize a defendant's unlawful anticompetitive 3 acts "nor immunize them against liability." *Kiefer-Stewart Co. v. Joseph E. Seagram &* 4 *Sons, Inc.*, 340 U.S. 211, 214 (1951), *overruled on other grounds by Copperweld Corp. v.* 5 *Independence Tube Corp.*, 467 U.S. 752 (1984) (holding that unclean hands is not a 6 defense in antitrust actions); *see also Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 7 U.S. 134, 140 (1968), *overruled on other grounds by Copperweld*, 467 U.S. 752 (holding 8 that in pari delicto is not a defense to liability in an antitrust action).

9 Nor are these principles unique to antitrust law. In tort, a defendant takes its victim as it finds him. In criminal law, unless self-defense is asserted, a defendant may not blame the victim. In fraud cases, it is no defense that plaintiffs failed to take anticipatory precautions or to figure out an obvious fraud. *See United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007); *United States v. Thomas*, 377 F.3d 232 (2d Cir. 2004).

14 In sum, as a matter of law, Avago may not defend against antitrust liability by arguing about what TriQuint could have done to avoid or reduce its injury before Avago bought Infineon's BAW assets. As such, it should be precluded from making such arguments or offering evidence about TriQuint's pre-acquisition conduct.

### III. EVIDENCE ABOUT TRIQUINT'S PRE-ACQUISITION CONDUCT ALSO SHOULD BE EXCLUDED BECAUSE IT WOULD BE UNFAIRLY PREJUDICIAL AND HIGHLY LIKELY TO CONFUSE THE JURY.

20 Even if it were deemed relevant, argument and evidence about actions TriQuint could have taken to prevent or diminish the effect of Avago's illegal conduct must be excluded under Rule 403, which bars the admission of relevant evidence if its "probative value is substantially outweighed by a danger" of "unfair prejudice" or "confusing the issues." There can be no doubt that Rule 403 applies here. At best, TriQuint's pre-acquisition conduct, even if it were deemed relevant, would have little (if any) probative value. In contrast, allowing Avago to offer such evidence would confuse the jury by diverting them from determining the key issue—whether Avago's conduct was illegal—to trying instead to untangle what possibly could have happened if TriQuint had anticipated

1  Avago's illegal acts. An antitrust case is, by its nature, complex. It would be extremely
2  prejudicial to TriQuint to confuse the jury with additional layers of unnecessary
3  complexity by allowing Avago to speculate about what could have happened had TriQuint
4  made different pre-injury business decisions.

5  Furthermore, jurors are likely to be confused by the baseless proposition that
6  TriQuint is itself somehow responsible or to blame if it did not take extensive precautions
7  against Avago's potential conduct. Such speculation has no probative value as to whether
8  Avago violated the antitrust laws, but it is highly prejudicial to TriQuint and therefore
9  should be excluded under Rule 403.

**IV.  EVIDENCE OF TRIQUINT'S PRE-ACQUISITION CONDUCT DOES NOT FALL WITHIN THE DOCTRINE OF MITIGATION AND SHOULD BE EXCLUDED FOR DAMAGES PURPOSES.**

12  Evidence of (and arguments regarding) TriQuint's pre-acquisition conduct also is
13  irrelevant to the determination of damages. The doctrine of mitigation requires only that a
14  plaintiff take reasonable steps to minimize its injury.  Restatement (Second) of Torts §
15  918 (1979); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 558 (7th Cir. 1986) (antitrust
16  plaintiffs "should not be required to take undue risks" to mitigate damages). Moreover,
17  the obligation to mitigate is not triggered until the injury has occurred or become
18  imminently foreseeable. 25 C.J.S. *Damages* § 47. Plaintiffs are not required to take any
19  mitigating actions that are unreasonable or very expensive and they are not obligated to
20  anticipate a wrong. 22 AM. JUR. 2D *Damages* §§ 344, 347; 25 C.J.S. *Damages* § 47; *Yang
21  Ming Marine Transp. Corp. v. Okamoto Freighters Ltd.*, 259 F.3d 1086, 1095 (9th Cir.
22  2001).

23  The actions that Avago claims TriQuint should have taken to prevent or minimize
24  the effects of Avago's illegal conduct are all of these—unreasonable, extremely expensive
25  and purely shots in the dark against hypothetical future conduct. As they are not required
26  by mitigation, Avago should not be permitted to make any arguments about (or offer
27  evidence of) precautionary actions that it claims TriQuint should have taken, even for
28  damages purposes.  They should be excluded as irrelevant under Rule 402 and as unfairly

prejudicial and highly likely to confuse the jury under Rule 403.

## **Conclusion**

For these reasons, the Court should preclude Avago from presenting any argument or evidence regarding actions Avago claims TriQuint should have taken before Avago's purchase of Infineon's BAW assets.

Dated:  May 1, 2012                               Respectfully submitted,


/s/ Jonathan M. James
Jonathan M. James
C. Mark Kittredge
David J. Palmer
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  (602) 351-8000
Facsimile:  (602) 648-7000
Email:  jjames@perkinscoie.com
            mkittredge@perkinscoie.com
            dpalmer@perkinscoie.com

Susan E. Foster *(Pro Hac Vice)*
Chun M. Ng *(Pro Hac Vice)*
Shylah R. Alfonso *(Pro Hac Vice)*
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington  98101-3099
Telephone:  (206) 359-8000
Email:  sfoster@perkinscoie.com
            cng@perkinscoie.com
            salfonso@perkinscoie.com

Attorneys for Plaintiff/Counterdefendant
TriQuint Semiconductor, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James A. Ryan
Krystal M. Aspey
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona  85004
james.ryan@quarles.com
krystal.aspey@quarles.com

Duane-David Hough
Brian W. Nolan
Mayer Brown LLP
1675 Broadway
New York, NY  10019
dhough@mayerbrown.com
bnolan@mayerbrown.com

                                       /s/   Daniel R. Graziano

LEGAL23453248