**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TriQuint Semiconductor, Inc., a Delaware corporation, | No. CV 09-1531-PHX-JAT |
| Plaintiff/Counter-Defendant, | **ORDER** |
| vs. | |
| Avago Technologies Limited, a Singapore corporation; Avago Technologies U.S., Inc., a Delaware corporation, Avago Technologies Wireless IP (Singapore) Pte., Ltd., a Singapore corporation, | |
| Defendants/Counter-Claimants. | |

Pending before the Court are the parties' Joint Motion to Vacate Orders of the Court (Doc. 590) and the parties' Stipulation of Dismissal with Prejudice (Doc. 591).

**I.    BACKGROUND**

This case began when Plaintiff and Counterclaim Defendant TriQuint Semiconductor, Inc. ("TriQuint") brought suit against Defendants and Counterclaim Plaintiffs Avago Technologies Limited, Avago Technologies U.S., Inc., and Avago Technologies Wireless IP (Singapore) Pte., Ltd. (collectively, "Avago"). TriQuint accused Avago of patent infringement and antitrust violations and sought a declaratory judgment of non-infringement and invalidity of several Avago patents. Avago counterclaimed for patent infringement, trade secret misappropriation, copyright infringement, violation of various state laws, and also sought declaratory judgments in its favor.

As this case has progressed, the Court has held several hearings and considered and ruled on numerous motions filed by both parties. After a *Markman* hearing, the Court issued

a decision construing the parties' patent claims. Also, after considering the parties' motions for partial summary judgment and hearing oral argument on those motions, the Court granted some of the motions and denied others. Both parties sought reconsideration of the Court's decisions on summary judgment, and the Court subsequently issued an order in which it declined to alter any of its summary judgment rulings, though it did offer clarification of those rulings. Additionally, the Court has issued numerous orders on various other motions in this case, including the parties' multiple requests to file documents in this case under seal.

On May 15, 2012, approximately two months before an estimated two-month jury trial was set to begin, the parties advised the Court that they had reached a settlement and filed a stipulation of dismissal with prejudice (Doc. 591). The parties concurrently filed the pending joint Motion asking the Court to vacate all of the orders entered in this action, except for those related to the parties' requests to seal documents. Furthermore, the parties' binding memorandum of understanding ("MOU"), which provides the basis for their settlement, "contemplates this Court vacating the substantive orders previously entered in this action beyond those related to confidentiality and sealing." Doc. 590 at 2.

## II.     ANALYSIS

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, the Supreme Court crafted a default rule against vacatur resulting from settlement at the appellate level. 513 U.S. 18, 29 (1994). Noting that "exceptional circumstances" may occasionally warrant such vacatur, however, the Supreme Court also discussed the policy considerations relevant to such a determination. *Id.* With regard to "the public interest," the Court noted that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26-27 (internal quotation omitted). The Court also acknowledged that the availability of vacatur may facilitate settlement with "resulting economies for the federal courts." *Id.* at 28. However, the Court also expressed concern that vacatur at the appellate level may deter settlement at an earlier stage, and further noted that "the economies achieved by settlement at the district-court level are ordinarily

much more extensive than those achieved by settlement on appeal." *Id.*

Judge Dyk of the Federal Circuit has suggested that the Supreme Court's decision in *Bancorp* is consistent with the practice of a district court vacating its non-final decisions in conjunction with a settlement in order "to prevent interim decisions . . . from having collateral estoppel effects in future third party litigation." *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328 (Fed. Cir. 2003) (Dyk, J., concurring) ("The Supreme Court's decision in [*Bancorp*] held only that such a vacatur was inappropriate by the Supreme Court and the courts of appeals on review of a final district court decision. . . . *Bancorp* did not, however, address the power of the district court to vacate non-final orders pursuant to a settlement agreement. Indeed, by its terms, *Bancorp* does not apply to district courts but rather only to the Supreme Court and to courts of appeals." (internal citations omitted)). Other district courts have adopted this view and vacated non-final decisions in conjunction with settlement after consideration of the reasoning in the *Bancorp* decision. *See, e.g.*, *Lycos, Inc. v. Blockbuster, Inc.*, C.A. No. 07-11469-MLW, 2010 WL 5437226 (D. Mass. Dec. 23, 2010) (granting motion to vacate non-final orders); *Cisco Sys., Inc. v. Telcordia Technologies, Inc.*, 590 F. Supp. 2d 828 (E.D. Tex. 2008) (same); *but see Allen-Bradley Co. LLC v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D. Wis. 2001) (denying motion to vacate non-final order). Consistent with this approach, the Court will decide the pending Motion "as an exercise of its equitable discretion by considering the concerns articulated by *Bancorp*, despite the fact that *Bancorp* does not establish a binding standard in these circumstances." *Lycos*, 2010 WL 5437226, at *3.

Here, the Court finds that vacatur of all of its non-final orders, with the exception of the orders concerning the sealing of documents, is appropriate. First, the Court notes that none of the orders entered in this case can properly be deemed final because none of the orders "end[ed] litigation on the merits and [left] nothing for the court to do but execute the judgment." *Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330 (Fed. Cir. 2007) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). Thus, the Court is free to modify those orders at any time prior to the entry of a final judgment. Fed. R. Civ.

- 3 -

P. 54(b).

Second, vacatur of the orders will serve the interests of the parties and judicial efficiency. The parties have entered into a binding MOU that will allow them to avoid expending any more resources on this litigation. And as they have stated in their pending Motion, their MOU contemplates vacatur of the orders. The settlement resulting from the binding MOU will avoid expending the vast judicial resources that would be required to see this case through a very lengthy trial. Further, settlement at this time will also avoid the possibility of expending any additional future judicial resources on appeals.

Third, the Court does not find that vacatur in this case is contrary to the public interest. Unlike appellate opinions, district court opinions are not precedential. *See Bank of Marin v. England*, 352 F.2d 186, 189 n.1 (9th Cir. 1965) ("[A] district court decision which has not withstood the acid test of appellate review cannot be regarded as authoritative, much less dispositive of an appeal, but it may well be persuasive."), *rev'd on other grounds*, 385 U.S. 99 (1966). Thus, the Court's orders, which may merely provide persuasive reasoning to the legal community, will have the same value to the public regardless of whether they are vacated in conjunction with the parties' settlement. Further, preventing these orders from potentially having unpredictable collateral estoppel effects in any future third party litigation arguably benefits the public interest, as well as the interests of the parties. *See Dana*, 342 F.3d at 1328 (Dyk, J., concurring).

In sum, the Court finds that vacatur of its orders in this action, with the exception of those orders relating to the sealing of documents, is appropriate. The vacatur only applies to the Court's holdings as to these parties and not to the Court's legal reasoning in the orders. Further, the vacatur is granted solely to facilitate the parties' settlement and is consistent with the policy considerations of the Supreme Court's *Bancorp* decision insofar as it promotes greater judicial efficiency and serves the interests of the parties without adversely impacting the public interest.

///

///

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** granting the parties' Joint Motion to Vacate Orders of the Court (Doc. 590). All orders previously entered in this matter with the exception of Doc. Nos. 72, 73, 87, 90, 127, 128, 145, 187, 299, 300, 371, 376, 378, 391, 406, 410, 432, 438, 454, 462, 492, 495, 498, and 571 are hereby vacated. The parties shall jointly file within ten days a list by docket number of all orders to be vacated. The Clerk shall note in the docket that those orders are vacated.

**IT IS FURTHER ORDERED** granting the parties' Stipulation of Dismissal with Prejudice (Doc. 591). All claims and counterclaims in this action are dismissed with prejudice. Each party shall bear its own costs of suit and attorneys' fees incurred in connection with this litigation.

**IT IS FURTHER ORDERED** denying all other pending motions and stipulations as moot.

**IT IS FURTHER ORDERED** vacating the final pretrial conference set for June 25, 2012 and the trial set to begin on July 10, 2012.

The Clerk of the Court shall close this case.

DATED this 17th day of May, 2012.

James A. Teilborg
United States District Judge

- 5 -